450 A.2d 1011

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Theodore D. ANDERSON.**

Superior Court of Pennsylvania.

Argued June 24, 1982.

Filed Sept. 10, 1982.

Gaele Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Leonard Sosnov, Assistant Public Defender, Philadelphia, for appellee.

Before CERCONE, President Judge, and SPAETH, CAVANAUGH, WIEAND, McEWEN, CIRILLO and MONTEMURO, JJ.

WIEAND, Judge:

The principal issue in this appeal is whether Pa.R.Crim.P. 1410 requires the Commonwealth, as well as a defendant, to file a motion to modify sentence with the sentencing court before obtaining appellate review of a sentence. We hold that the rule does have application to the Commonwealth and that a failure to comply therewith constitutes a waiver of the right to appellate review of the sentence. For this reason, we do not consider substantively the Commonwealth's contention that the sentence imposed in this case disregarded an applicable guideline without cause and was too lenient.

Theodore D. Anderson was tried without jury and convicted of robbery and possession of an instrument of crime.[1] It was Anderson's third conviction for robbery. At sentencing, the prosecution requested the trial court to impose a sentence consistent with Section 5 of the Act of November 26, P.L. 1316, No. 319 (hereinafter Act 319).[2] This statute provided, in relevant part, as follows:

(a) Until sentencing guidelines adopted by the Pennsylvania Commission on Sentencing and relating to the offenses set out in this subsection become effective pursuant to 18 Pa.C.S. § 1385 (relating to publication of guidelines for sentencing), when any person is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery, aggravated assault as defined in 18 Pa.

---

1. Pursuant to post-verdict motions, judgment was arrested on the conviction for possessing an instrument of crime.

2. Section 5 of Act 319 is set forth in notes following 42 Pa.C.S. § 2155 and 42 Pa.C.S. § 9721.

C.S. § 2702(a)(1) (relating to aggravated assault) involving the use of a firearm, arson or kidnapping, or of attempt to commit any of these crimes, and when that person has been previously convicted in this Commonwealth, or any other state or the District of Columbia, or any Federal court, of any of the offenses set forth in this section or their equivalent, the sentencing court shall consider as a guideline in imposing sentence that such person be sentenced to a minimum term of not less than four years imprisonment.

(b) In any case where a court sentences a person subject to the provisions of subsection (a), to a term of less than four years imprisonment, the court shall provide a contemporaneous written statement of the reason or reasons for the sentence.

Despite this guideline, the trial court imposed upon Anderson a sentence of imprisonment for "[t]ime in [six months] to twenty-three months, with parole effective [immediately] on condition that he enter Genesis II [3] and upon completion . . . enter into the Alcoholics Anonymous program." In support of the sentence, the court opined and stated on the record that appellee's alcoholic bouts had caused him to lose inhibitory control, and that his abuse of alcohol had been the cause of his problems with the criminal justice system.

The Commonwealth contends on appeal (1) that the evidence failed to support the conclusion that appellee's commission of the offense for which he was being sentenced had been caused by alcohol abuse or that the offense had been committed while appellee was under the influence of alcohol, and (2) that, in any event, appellee's history of alcohol abuse was an insufficient reason for rejecting the legislatively created guideline in favor of an unreasonably light sentence.

Pa.R.Crim.P. 1410 provides:

**3.** Genesis II is an in-patient drug and alcohol treatment program conducted under the auspices of the Philadelphia Adult Probation Department.

A motion to modify sentence shall be in writing and shall be filed with the sentencing court within ten (10) days after imposition of sentence.

The comment to the rule recites the purpose of the rule as follows: "[t]his rule provides a procedure whereby a motion to modify sentence must be raised in the first instance before the sentencing court, thereby giving that court the first opportunity to modify the sentence." This procedure will also "give the appellate court the benefit of the trial court's views." *Commonwealth v. Riggins,* 474 Pa. 115, 136, 377 A.2d 140, 151 (1977) (plurality opinion by Roberts, J.). See also: *Commonwealth v. Hartman,* 291 Pa.Super. 87, 435 A.2d 232 (1981); *Commonwealth v. Koziel,* 289 Pa.Super. 22, 432 A.2d 1031 (1981); *Commonwealth v. Shaw,* 280 Pa.Super. 575, 421 A.2d 1081 (1980); *Commonwealth v. Graves,* 275 Pa.Super. 557, 419 A.2d 41 (1980).

In the instant case, the Commonwealth did not file a motion to modify the sentence. It contends that the rule has no application to the right of the Commonwealth to obtain appellate review under Act 319. We disagree.

Pa.R.Crim.P. 1410, by its terms, is applicable generally and without distinction between defendants and the Commonwealth. Its applicability to the Commonwealth is not precluded by the provisions of Act 319. Subsection (c) of the Act provides that either the defendant or the Commonwealth "may appeal as of right the legality of a sentence . . . ." However, "where it appears that there is a substantial question that the sentence imposed is not appropriate under this [guideline]," subsection (d) makes an allowance of appeal discretionary with this Court.[4] Far from precluding

4. Subsections (c) and (d) of Act 319 provide as follows:

(c) The defendant or the Commonwealth may appeal as of right the legality of a sentence imposed pursuant to the provisions of subsection (a).

(d) The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence imposed pursuant to the provisions of subsection (a) to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this section.

the applicability of Pa.R.Crim.P. 1410 to the Commonwealth's right to sentence review, the statute makes the allowance of an appeal discretionary with the court having jurisdiction to hear the same. Since allowance of an appeal is discretionary, we perceive no good reason for not requiring the propriety of a sentence to be submitted in the first instance to the court which imposed it.

The Commonwealth argues that the filing of a motion to modify a defendant's sentence will be an exercise in futility because the sentencing court is powerless, under principles of double jeopardy, to increase the sentence. See: *Commonwealth v. Tome*, 484 Pa. 261, 398 A.2d 1369 (1979); *Commonwealth v. Brown*, 455 Pa. 274, 314 A.2d 506 (1974). If the Commonwealth's argument is correct, then a Commonwealth requested review of sentence by this Court, with potential remand for re-sentencing in accordance with guidelines as contemplated by Act 319, is also precluded by double jeopardy considerations.

In fact, the Supreme Court of the United States has held that a federal statute permitting the government to seek an increased sentence on appeal does not violate principles of double jeopardy. *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). The "Double Jeopardy Clause does not require that a sentence be given a degree of finality that prevents [review and] later increase." *Id.* at 137, 101 S.Ct. at 437, 66 L.Ed.2d at 346. "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *Id.* at 135, 101 S.Ct. at 436, 66 L.Ed.2d at 344, quoting from *Bozza v. United States*, 330 U.S. 160, 166–167, 67 S.Ct. 645, 648–649, 91 L.Ed. 818, 822 (1947).

"Jurists and legal scholars have long deplored the absence of appellate review of trial court determinations fixing criminal sentences." Stern, Government Appeals of Sentences: A Constitutional Response to Arbitrary and Un-

reasonable Sentences, 18 Amer.Crim.L.Rev. 51, 52. Because of gross and unjustifiable disparity in sentences imposed, a consensus has emerged in Pennsylvania in favor of sentencing guidelines. Those guidelines will be virtually meaningless and uniformity will not be achieved without a right of appellate review. This right to obtain appellate review of sentences has been given equally to defendants and the Commonwealth. Because this right exists, no sentence is final until the right of appellate review has been exhausted [5] or waived. Accordingly, double jeopardy considerations do not preclude the application of Pa.R.Crim.P. 1410 to the Commonwealth.

■ This procedural rule establishes that a petition to modify is a preliminary step in the sentence review process. Its purpose is to give the sentencing court an opportunity to reconsider the sentence and correct any mistakes which may have been made. It also makes appellate review more meaningful. In view of these salutory purposes, we perceive no good reason for refusing to apply Rule 1410 to sentence review cases brought at the instance of the Commonwealth. Indeed, principles of equality alone suggest that it should be applied to the Commonwealth as well as to a defendant.

We hold, therefore, that Pa.R.Crim.P. 1410 is applicable according to its general terms to both parties, the defendant and the Commonwealth, when they seek appellate review of a sentence. Because in this case the Commonwealth failed to file a motion to modify the sentence as required by Pa.R.Crim.P. 1410, it waived the right to obtain appellate review thereof.

The judgment of sentence is affirmed.

5. Subsection (h) of Act 319 provides: "No appeal of the discretionary aspects of the sentence pursuant to this section shall be permitted beyond the appellate court that has initial jurisdiction for such appeals." The practical effect of this provision is to make the Superior Court the final court of review.