457 A.2d 514

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Phillip TOMASSO.**

Superior Court of Pennsylvania.

Argued April 21, 1982.

Filed Jan. 21, 1983.

Reargument Denied April 4, 1983.

Petition for Allowance of Appeal Granted Oct. 6, 1983.

104

Maxine J. Stotland, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Richard W. Hoy, Philadelphia, submitted a brief on behalf of appellee.

Before WICKERSHAM, BROSKY and WIEAND, JJ.

BROSKY, Judge:

This is an appeal taken by the Commonwealth from a judgment of sentence for Terroristic Threats [1] and Robbery.[2] After a trial without jury, sentence was imposed. Appellee was sentenced to seven years strict reporting

---

1. 18 Pa.C.S.A. 2706.

2. 18 Pa.C.S.A. 3701.

probation in conjunction with participation in a drug treatment program. The Commonwealth filed a motion to modify the sentence [3] which was denied after a hearing. Appellant raises two issues on appeal. They are: (1) That the sentencing court abused its discretion in not sentencing appellee in accordance with the interim sentencing guidelines act.[4] (2) That an increase of sentence on appeal would not violate the prohibition against double jeopardy. Due to our deciding the first issue against appellant, the second issue is moot. We therefore affirm.[5]

■ On appeal, appellant argues for five grounds supporting his contention on the first issue. The first matter before us is to determine which of these grounds have been preserved for appellate review. It is, of course, not sufficient that a general issue be preserved. The specific grounds supporting that issue must also be preserved. *Commonwealth v. Polof,* 238 Pa.Super. 565, 362 A.2d 427 (1976). Failure to so preserve the distinct grounds for an issue deprives the trial court of the opportunity to make a fully informed evaluation of the issue.

In *Commonwealth v. Stufflet,* 291 Pa.Super. 516 at 519, 436 A.2d 235 at 237 (1981), this court stated:

In the usual case, the failure of counsel to interpose a timely objection at the sentencing proceeding results in a waiver of the issue ... *as does* the failure to file an appropriate motion to modify the sentence imposed.

(Citations deleted) (emphasis supplied).

■ Thus, a sentencing issue must be raised twice below (as well as on appeal): once before the trial court at the

3. Pa.R.Crim.P. 1410.

4. Acts 1978, P.L. 1316, No. 319, § 5.

5. Two subsidiary matters were open questions in the law at the time of filing of briefs. First, does Pa.R.Crim.P. 1410 apply to appeals based on departures from the interim sentencing guidelines? Second, must the Commonwealth file such a R. 1410 motion to preserve its appeal? Both questions have recently been answered in the affirmative. *Commonwealth v. Anderson,* 304 Pa.Super. 476, 450 A.2d 1011 (en banc) (Wieand, J.). Since the Commonwealth timely filed a R. 1410 motion, no bar is raised in this regard.

sentencing proceeding and again in the motion to modify sentence.[6]

The same grounds for an issue must similarly be raised at each of these three levels to activate appellate review.[7] This is merely a reflection of the procedures required to preserve non-sentencing issues. Namely, a timely objection must be made at trial,[8] in post-trial motions and on appeal. The issue must be preserved in all three instances, as must the grounds supporting the issue.[9]

On appeal, the Commonwealth argues that the sentence was unreasonable in that: (1) It failed to follow the interim guidelines. (2) It ignored the legislative intent of the interim guidelines to protect the public. (3) It was based on inaccurate information, the correct version of which is: (i) That the pre-sentence report did in fact recommend incarceration. (ii) That Judge Cain had not yet acted on appellee's parole violation. (iii) That appellee had previously participated in drug treatment programs.

Argument (3)(i), above, was argued at the sentencing hearing but not brought out in the R. 1410 motion or hearing. It is, therefore, waived. Argument (3)(ii), above, was raised only on appeal and is, therefore, waived. Argument (3)(iii), above, was included in a report submitted at the R. 1410 hearing, and, for purposes of that proceeding is preserved. *Commonwealth v. Woods,* 275 Pa.Super. 392, 418 A.2d 1346 (1980). However, it was not raised at the sentencing hearing and is, therefore, waived.

6. Or, alternatively, in the hearing on the motion to modify sentence.

7. *Commonwealth v. Harley,* 275 Pa.Super. 407, 418 A.2d 1354 (1980).

8. Or, where appropriate, in a pre-trial proceeding.

9. For example, if a motion to suppress the contents of a box taken from a locked automobile trunk is made at the suppression hearing and as error to deny in post-trial motions (and hearing) only on the grounds that *the trunk* should not have been opened; arguments will not be heard for the first time on appeal that the contents should be suppressed because *the box* itself should not have been opened.

Argument (1), above, was presented at both opportunities below, and is, therefore, preserved. Argument (2), above, was presented in different wording at the sentencing hearing. There, the Commonwealth made reference to the deadly weapon involved in the crime. In its R. 1410 motion, appellant made reference to appellee's prior convictions for robbery. On appeal, as has been noted, the argument was phrased in terms of the need to protect the public. While phrased in different forms at each level, the same underlying argument was presented each time. This argument is also, therefore, preserved for appeal. To summarize, grounds (1) and (2) have been preserved for appeal. We can now turn to a review of the issue, as framed by the preserved arguments, on its merits.

■ The interim sentencing guidelines are not mandatory. "... the sentencing court shall *consider* as a *guideline* in imposing sentence..." [10] (emphasis supplied). Where the court sentences an individual to a term less than that stated in the guidelines, the act requires that the court provide a contemporaneous written statement describing the reasons for the sentence.[11] This was done.

Upon appellate review, the act provides that the appellate court shall vacate the sentence if the sentencing court sentenced outside the guidelines and the sentence was "unreasonable." [12] The sentence herein was outside the guidelines and our task is to determine if the sentence was unreasonable.

The two grounds upon which the sentence can be found to be unreasonable are the two grounds preserved for appeal. (1) The court failed to follow the interim guidelines. (2) The sentence ignored the legislative intent of the interim guidelines to protect the public.

With regard to the second argument, the trial court opinion dealt at length with appellee's history. Particular

10. Acts 1978, P.L. 1316, No. 319, § 5(a).

11. Id. § 5(b).

12. Id. § 5(e).

emphasis was put on his successful progress in a drug rehabilitation program over a period of six months at the time of sentencing. The trial court opinion concluded that, "Provided he [appellee] successfully completes his rehabilitative treatment, the circumstances of his criminal conduct are unlikely to recur."

The decision-making process of the trial court is apparent from its opinion and the transcripts of the sentencing hearing and sentence modification hearing. In that process the interest in protecting the public was not ignored. The reasoning went as follows: The appellee would pose less of a threat to society if he were to continue in the drug treatment program on strict reporting probation; than if he were to discontinue his participation in the program and be confined to prison. Following that prison term, appellee would eventually be released back into society without the benefit of his successful completion of the drug rehabilitation program. Since it was his drug abuse which had led to his criminal activity, the drug abuse and consequently the criminal activity could then be expected to resume.

Under these circumstances, we cannot say that the sentence ignored society's interest in being protected. On that basis, the sentence was not "unreasonable." [13]

We affirm.

WIEAND, J., files dissenting statement.

WIEAND, Judge, dissenting:

I respectfully dissent. Not only do I disagree with the majority's concept of waiver, but I believe the sentence of probation imposed upon appellee in this case was outside the sentencing guidelines and unreasonable. The conviction for robbery was appellee's third felony conviction and his second robbery conviction within a six year period. He has yet to be sentenced to prison, primarily, it seems, because he is a drug abuser. Drug abuse, however, is not a

**13.** Appellant's first issue, as to the failure to follow the non-mandatory guidelines, similarly does not result in the sentence being unreasonable.

mitigating factor; in most cases it is an aggravating circumstances. It should not be an adequate reason for departing from sentencing guidelines. This is particularly so where, as here, appellee has refused to cooperate with prior efforts designed to achieve his drug rehabilitation. Under these circumstances I would find that the applicable sentencing court abused its discretion by departing from the sentencing guideline which, in order to protect the public, recommended a sentence of imprisonment.[1] I would remand for re-sentencing.

---

**1.** The applicable guideline was contained in Section 5 of the Act of November 26, 1978, P.L. 1316, 42 Pa.C.S. § 2155 (note), which recommended a sentence of "not less than four years imprisonment" for a second conviction of robbery.