484 A.2d 151

**COMMONWEALTH of Pennsylvania**

v.

**Reginald H. WARDEN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1984.

Filed Nov. 9, 1984.

316

Lonnie E. Walker, Assistant Public Defender, Harrisburg, for appellant.

Katherene E. Holtzinger, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before DEL SOLE, POPOVICH and ROBERTS, JJ.

DEL SOLE, Judge:

Appellant was convicted, by a jury, of possession with intent to deliver a controlled substance, and unlawful possession of a controlled substance. Post-trial motions were filed and denied. The case proceeded to sentencing, and Appellant was sentenced to eleven and one-half (11½) to twenty-three (23) months imprisonment and fined $1,000. A Motion to Modify Sentence was filed and denied. This appeal followed.

Two issues are raised on appeal: 1) Did the court err in refusing to grant Appellant a continuance so that he could retain private counsel? and 2) Did the court err by failing to place on record the factors considered in imposing sentence?

The facts of this case are as follows: Officers performing surveillance duties observed Appellant and two other individuals engaging in several drug transactions from Appellant's parked automobile. A subsequent search of Appellant and his vehicle revealed $70 on the Appellant's left leg, and five $50 decks of heroin. In the vehicle, a bag containing seventeen $50 decks of heroin and ½ ounce of marijuana was discovered.

At Appellant's preliminary hearing, private counsel appeared on Appellant's behalf. However, at Appellant's arraignment, he was represented by an attorney from the public defender's office. Appellant requested a trial by jury, which was set for June 30, 1983. On that date, Appellant, through his counsel requested additional time to prepare for trial. A continuance was granted, and trial was rescheduled for August 1, 1983. Moments before the commencement of trial on August 4th, Appellant sought another continuance. This continuance was denied.

Appellant first argues, that he was denied a right to counsel of his choice when the court failed to grant him a continuance. Appellant asserts that he was indigent at the time he requested a public defender, but he later received a workmen's compensation award. Appellant wished to use this award and the extra time in order to obtain private counsel.

The allowance of continuances is largely a matter within discretion of the trial court, and the denial of a continuance does not constitute reversible error unless there is an abuse of discretion. *Commonwealth v. Kittrell,* 285 Pa.Super. 464, 427 A.2d 1380 (1981). In determining whether the court abused its discretion in denying the continuance, the accused's right to choose a particular counsel, which is not absolute, must be weighed against the public need for efficient and effective administration of justice. *Commonwealth v. Atkins,* 233 Pa.Super. 202, 336 A.2d 368 (1975).

■ After thoroughly reviewing the facts of this case in light of the above principles, we find that the trial court did not abuse its discretion in refusing Appellant's request. Appellant was granted a continuance on the day initially set for trial. On the day his rescheduled trial was to begin, Appellant requested a second continuance. Appellant waited until the day his jury trial was to begin to request a continuance, although he testified that he had already obtained partial payment of his workmen's compensation award. Appellant also told the court that he was unhappy with the time counsel had spent preparing the case. Appellant did not allege that counsel would be ineffective, nor does he advance that argument before this court. Appellant's counsel stated that based on meetings with Appellant, and his investigation of the case, he was prepared to try the case. The Commonwealth also noted its readiness to proceed. Under these circumstances, a continuance would have disturbed the efficiency and effectiveness of the administration of justice.

The Appellant next claims that the sentencing judge failed to articulate on the record the reasons for the sentence imposed.

■ At the outset we will determine whether Appellant's contention has been preserved for appellate review. In this case, Appellant did raise the above issue in his Motion to Modify Sentence, however, he failed to raise this objection during the sentencing proceedings. For the following reasons, we find that Appellant's actions were sufficient to preserve this issue for our review.

In *Commonwealth v. Tomasso*, 311 Pa.Super. 103, 457 A.2d 514 (1983), the Commonwealth on appeal, alleged the following errors: 1) The sentencing court failed to follow the interim guidelines. 2) The sentencing court ignored the legislative intent of the interim guidelines to protect the public; 3) The sentencing court's decision was based on inaccurate information, the correct version of which is (i) that the pre-sentence report did recommend incarceration, (ii) that Judge Cain had not yet acted on appellee's parole

violation, and (iii) that appellee had previously participated in drug treatment programs. The Superior Court concluded that the first two general sentencing issues were properly preserved for appellate review. Arguments 3(i), 3(ii) and 3(iii) were waived since these objections were not raised at the sentencing hearing. We note that this third issue and its sub-parts related to the validity of particular evidence heard by the sentencing court.

In reaching its determination the *Tomasso* court cited a passage from *Commonwealth v. Stufflet*, 291 Pa.Super. 516 at 519, 436 A.2d 235 at 237 (1981) as follows:

> In the usual case, the failure of counsel to interpose a timely objection at the sentencing proceeding results in a waiver of the issue ... *as does* the failure to file an appropriate motion to modify the sentence imposed. (Citations deleted) (Emphasis supplied).

*Commonwealth v. Tomasso, supra,* 311 Pa.Super. at 104, 105, 457 A.2d at 515, 516. The *Tomasso* court then concluded:

> Thus, a sentencing issue must be raised twice below (as well as on appeal): once before the trial court at the sentencing proceeding and again in the motion to modify sentence.[6]

------

[6.] Or, alternatively, in the hearing on the motion to modify sentence.

*Commonwealth v. Tomasso, supra,* 311 Pa.Super. at 105, 457 A.2d at 516.

Our interpretation of *Commonwealth v. Stufflet, supra,* leads us to conclude that we must expand the language used by the *Tomasso* court. The court in *Tomasso* deleted citations from the *Stufflet* passage which it cites. These citations are helpful in enabling us to clarify exactly what procedure must be followed to preserve a sentencing issue for appeal. The *Stufflet* court used the language quoted above, citing *Commonwealth v. Walls*, 481 Pa. 1, 391 A.2d 1064 (1978) and *Commonwealth v. Cruz*, 265 Pa.Super. 474, 402 A.2d 536 (1979).

A reading of *Commonwealth v. Walls, supra,* and *Commonwealth v. Cruz, supra,* clearly indicates that only cer-

tain types of sentencing issues must be raised in both the sentencing proceeding and in the motion to modify sentence. These are objections relating to specific evidence, and testimony considered in the sentencing proceeding. As stated by the *Tomasso* court, this is merely a reflection of the procedures required to preserve non-sentencing issues where an objection must be made at trial, and in post-trial motions before being considered on appeal. *Commonwealth v. Tomasso, supra,* 311 Pa.Super. at 105, 457 A.2d at 516.

An example of such an issue can be found in *Commonwealth v. Cruz, supra.* Therein, the Commonwealth during the sentencing proceeding asserted that Appellant was a "weight dealer". On appeal, the appellant alleged that the Commonwealth's statement was unsubstantiated and, therefore, the judge considered an inappropriate factor in imposing sentence. The Superior Court held that by not specifically, and timely objecting to the accuracy of the Commonwealth's assertion, the Appellant had waived the issue.

In *Commonwealth v. Walls, supra,* a case in which sentence was imposed prior to the effective date of Pa.R. Crim.P. 1408, the Appellant maintained that the trial judge imposed consecutive sentences under a misapprehension of the law. The Supreme Court held that his issue had been waived since the Appellant did not object to the sentence during the sentencing proceedings, *nor* did he file a petition for reconsideration of the sentence. The court stated:

> Even accepting no established procedure exists for appellate review of a lawful sentence,[1] this does not excuse a failure to object to the sentence during the sentencing proceedings. Moreover, even after sentencing, Walls was not limited to requesting permission to withdraw the guilty pleas, but could have filed a petition for reconsideration of the sentences ... Since he did neither, we agree with the ruling in the Superior Court that the issue has been waived.

*Commonwealth v. Walls,* 481 Pa. at 4, 391 A.2d at 1065 (footnote and citations omitted)

■ Our reading of *Commonwealth v. Cruz, supra,* and *Commonwealth v. Walls, supra,* leads us to conclude that those issues relating to specific evidence and testimony heard by the sentencing court must be raised both at the sentencing proceeding, and in the Motion to Modify Sentence under Rule 1410 to be preserved for appellate review. However, a general sentencing issue, such as is found in this case, will be preserved for appellate review if it is raised in the Motion to Modify Sentence. Such action is sufficient since this procedure will give the appellate court the benefit of the trial court's views, and will give the trial court the first opportunity to modify sentence. *Commonwealth v. Anderson,* 304 Pa.Super. 476, 450 A.2d 1011 (1982).

Inasmuch as we have determined that Appellant's argument is preserved for appeal, we now turn to a review of the issue on its merits. Appellant claims that the court failed to place on the record the reasons for the sentence imposed.

■ When imposing sentence, the court must consider both the character of the defendant, and the particular circumstances of the offense in light of the legislative guidelines for sentencing. *Commonwealth v. Young,* 299 Pa.Super. 488, 445 A.2d 1235 (1982). The sentence imposed must be the minimum punishment consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant. 42 Pa.C.S.A. § 9721(b); *Commonwealth v. Mead,* 300 Pa.Super. 510, 446 A.2d 971 (1982).

■ In this case, the court discussed the seriousness of the offense, but no mention was made of Appellant's particular character and background. It is true that the court heard statements from the defense counsel and Appellant. Appellant testified that he had ties to the community because he was caring for a disabled nephew in his home. Appellant also indicated that he was presently employed. Defense counsel revealed to the court that Appellant was in his thirties and had never been in trouble with the law

before this incident. However, there is no indication in the record that any consideration was given to the above-mentioned factors when sentence was imposed. The mere presence in the record of evidence the court *could* have relied on does not meet the requirement that the judge state what it was that the court *did* rely on in imposing sentence. *Commonwealth v. Kraft*, 294 Pa.Super. 599, 440 A.2d 627 (1982). The court's only reference to the above-mentioned information was the statement that it would "give some consideration to that". Such a statement does not reflect a consideration of the statutory guidelines, nor does it otherwise explain the reasoning behind the sentence imposed. Furthermore, there was absolutely no inquiry on the record as to Appellant's ability to pay the fine imposed, as required by 42 Pa.C.S.A. § 9726.

Since the court failed to comply with the mandates of the sentencing code, we must vacate the Judgment of Sentence and remand for resentencing in accordance with this opinion.

Judgment of Sentence vacated and case remanded for resentencing.

Jurisdiction relinquished.

POPOVICH, J., dissents.