559 A.2d 988

**John LIPCHIK a/k/a Jack Lipchik, Appellant,**

**v.**

**ERIE COUNTY, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 9, 1989.

Decided May 31, 1989.

Jane M. Earll, Erie, for appellant.

Mark W. Richmond, Sol., Erie County Dept. of Health, Erie, for appellee.

Before BARRY, McGINLEY and SMITH, JJ.

SMITH, Judge.

Appellant, John M. Lipchik, appeals from the judgment of sentence entered against Appellant by the Court of Common Pleas of Erie County on July 25, 1988. Proceedings were originally commenced against Appellant by the filing of a complaint in equity by the Erie County Department of Health (Department of Health) which obtained an injunction against Appellant from operating a solid-waste disposal facility. On June 13, 1988, the Department of Health filed a petition for rule and adjudication of civil contempt against Appellant alleging that he failed to comply with an order issued by Judge George Levin on September 28, 1987 which ordered Appellant to provide any additional information required by the appropriate governmental agencies within certain specified time periods regarding Appellant's closure plan. Appellant was also fined for his failure to submit a timely closure plan. The Department of Health charged that Appellant had failed to provide the Pennsylvania Department of Environmental Resources (DER) with addition-

al requested information concerning Appellant's closure plans for his unpermitted solid-waste disposal facility.

Judge Levin ordered the Department of Health to file an amended petition requesting that both civil and criminal sanctions be imposed against Appellant. The Department of Health filed an amended petition on July 1, 1988, and trial was thereafter scheduled for July 25, 1988 before Judge Levin. Appellant filed a motion for continuance of the July 25, 1988 trial on grounds that circumstances beyond his control rendered him unable to submit timely modification plans to DER. Appellee's counsel did not object to the granting of a thirty-day continuance. On July 19, 1988, Judge Levin signed an order continuing the hearing date as well as an order recusing himself from the contempt proceedings. The order in question entered by Judge Levin states:

AND NOW, to-wit, this 19th day of July, 1988, Defendant's Motion for Continuance, is hereby granted in the above-captioned matter.

A trial shall be scheduled for the 19th day of August, 1988, beginning at __ __.m. in Courtroom No. __ at the Erie County Court of Common Pleas *or at such date that would be convenient to the Court.* (Underlined portion of the order is handwritten.)

Certified Record, Appendix H.

The next day counsel for Appellant and Appellee were notified that jury selection would begin on July 21 and that Appellant's trial was scheduled for July 25, 1988. Immediately prior to trial, Appellant presented a petition for stay of jury trial to Judge Connelly, the newly assigned judge, averring that the order signed by Judge Levin was a valid interlocutory order which should be given full force and effect. Judge Connelly denied the petition, and trial commenced thereafter.

Appellant was convicted by a jury of indirect criminal contempt of court. Sentence was imposed by the trial court as soon as the jury verdict was rendered. Appellant was incarcerated immediately, and prior to his filing of post-ver-

dict motions, to serve fifteen days in the Erie County Prison. On August 2, 1988, Appellant filed a motion for a new trial on grounds that the trial court erred at law in denying Appellant's petition for stay of jury trial. Appellant asserted that his ability to prepare a defense was severely compromised due to his receiving only five days notice prior to the commencement of trial. The motion for new trial was denied by Judge Connelly in his Opinion and Order of August 26, 1988.

Appellant argues that the trial judge erred at law in denying Appellant's petition for stay of jury trial and thereby refused to give full force and effect to a prior interlocutory order signed by a judge of coordinate jurisdiction. Moreover, Appellant contends that he was significantly prejudiced at trial and asserts that said denial constitutes reversible error necessitating the grant of a new trial.

During pre-trial argument on Appellant's petition for stay of jury trial, counsel for Appellee made the following representations to the Court:

> It stands to reason to me, your Honor, that we have a continuance order signed by Judge Levin. If we hold the hearing today, the date that the hearing was originally scheduled, there is no continuance effected. The only way to give that order of court issued by Judge Levin any effect would be not to have a hearing today.
>
> . . . .
>
> I understand any other date other than the 25th would be a continuance. If you hold the hearing on the same date as originally scheduled, it doesn't seem to be a continuance. That's my position as far as the order is concerned.

N.T., pp. 6–7. It is now the position of Appellee that Judge Connelly's scheduling of the trial for July 25, 1988 comported with the plain meaning of Judge Levin's order.

This Court has held that as a general rule, absent some new evidence, it is improper for a trial judge to overrule an interlocutory order of another judge of the same court involving the same issue. It was expressly held in *Farber*

*v. Engle,* 106 Pa.Commonwealth Ct. 173, 177, 525 A.2d 864, 866 (1987) that:

> The policy underlying this rule, sometimes erroneously referred to by the term 'law of the case,' is that there must be some finality to the determination of all pretrial applications so that judicial economy and efficiency can be maintained.

Judge Levin unequivocally granted Appellant's motion for a continuance on July 19, 1988. The plain language of the order grants a continuance of trial that was either to be scheduled some thirty days subsequent to July 19, 1988, or on a date convenient to the Court. Both parties to the action logically assumed in light of the order that trial would not commence on July 25, 1988.

 Public interest in the orderly administration of justice requires that, whenever possible, coordinate courts should avoid issuing conflicting orders. Absent unusual or exceptional circumstances, judges of coordinate jurisdiction should follow brethren judges' rulings. *Yudacufski v. Department of Transportation,* 499 Pa. 605, 454 A.2d 923 (1982). Having stated for the record the observation that Judge Connelly interfered with and usurped the power of the rendering court when he ignored the intent of a prior judicial order, Appellee cannot now argue that Judge Connelly's scheduling of Appellant's trial was consistent with the plain language of the July 19, 1988 continuance order.

Judge Connelly's denial of the continuance ordered by Judge Levin on July 19, 1988 represents a refusal to give full force and effect to a decision of another judge of coordinate jurisdiction, and thus under the circumstances constitutes reversible error necessitating the grant of a new trial. Accordingly, the order of the trial court is reversed, judgment of sentence is vacated, and the matter is remanded for a new trial.

## ORDER

AND NOW, this 31st day of May, 1989, the order of the Erie County Court of Common Pleas is reversed, judgment

of sentence is vacated, and this case is remanded for a new trial.

Jurisdiction relinquished.

McGINLEY, Judge, dissenting.

I respectfully dissent.

The majority simply concludes that Judge Connelly's denial of the continuance ordered by Judge Levin on July 19, 1988, under these circumstances constitutes reversible error necessitating the grant of a new trial. The allowance of continuances is largely a matter within discretion of the trial court, and the denial of a continuance does not constitute reversible error unless there is an abuse of discretion. *Commonwealth v. Warden,* 335 Pa.Super. 315, 484 A.2d 151 (1984). "[W]hen a continuance is sought for the purpose of obtaining the presence of a witness, the continuance properly may be denied where the witness' testimony would be merely cumulative." *Commonwealth v. Mallon,* 279 Pa.Super. 350, 355, 421 A.2d 234, 237 (1980).

Judge Connelly concluded that Appellant was not prejudiced at trial for three reasons: one, the witness, Mr. Deiss, was not necessary or essential to the defense because Appellant and another witness, a licensed surveyor who was also involved in the project, were able to testify and Deiss' testimony would have been cumulative; two, the facts to which Mr. Deiss could testify were of an extremely limited scope; and three, Appellant's counsel did not attempt to subpoena Mr. Deiss.

Judge Connelly stated in his opinion:

As previously mentioned, the defendant and counsel had knowledge that a hearing on the civil matter was set for July 25, 1988. This date was set for approximately one month prior at a hearing which was held on June 24, 1988 in front of Judge Levin. Unfortunately, it is apparent that defense counsel made no attempt to contact Mr. Deiss prior to July 20, 1988. Moreover, defendant was smug in the belief that yet another continuance would be

granted in this matter due to his lack of compliance with Judge Levin's court order. In light of defense counsel's decision not to subpoena Mr. Deiss, the Court will not now afford counsel the luxury of using this as a crutch to claim that her defense was severely hampered.

(Opinion of the Court of Common Pleas, August 26, 1988, at 13.)

There being no abuse of discretion resulting in prejudicial error, I would affirm.