J-S44042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VINCENT ERIC GRAHAM | : | |
| | : | |
| Appellant | : | No. 472 MDA 2020 |

Appeal from the Judgment of Sentence Entered February 24, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at No(s):
CP-40-CR-0000975-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VINCENT ERIC GRAHAM, II | : | |
| | : | |
| Appellant | : | No. 473 MDA 2020 |

Appeal from the Judgment of Sentence Entered February 24, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at No(s):
CP-40-CR-0000976-2019

BEFORE: BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:          **FILED: MAY 6, 2021**

Vincent Eric Graham, II (Appellant) appeals from his judgment of sentence entered in Luzerne County Court of Common Pleas, as a result of his plea to two sets of drug charges. We previously remanded this matter so that the trial court could prepare an opinion per Pa.R.A.P. 1925.[1] The trial court

---

[1] The trial court initially, and reasonably, believed Appellant to have violated the court-imposed deadline to submit a statement per Pa.R.A.P. 1925(b).

having done so, we now review this matter and affirm the trial court's judgment of sentence.

Appellant made an agreement with the Commonwealth whereby he entered guilty pleas to two charges of possession with the intent to deliver (PWID)[2] Oxycodone, between 100 and 1000 pills, and one charge of possession of a small amount of marijuana.[3]  In exchange for entering an open plea and for his agreement to pay laboratory fees, to forfeit certain funds, and to pay the costs of prosecution, the Commonwealth agreed to withdraw other charges.  N.T. Plea Hrg., 11/4/19, at 2-3.  The details of the incidents leading to Appellant's arrest are detailed in a prior opinion of this Court.[4]

_____

However, the court's order per Rule 1925 was entered on March 13, 2020, during the early days of our nation's response to COVID-19.  Our Supreme Court had entered an order extending all filing deadlines, and that order covered Appellant's deadline to file a responsive statement and rendered Appellant's statement timely filed, though in the absence of the statewide order it would not have been.  *See In re Gen. Statewide Judicial Emergency*, 229 A.3d 229, 230 (Pa. Apr. 1, 2020) ("any legal papers or pleadings which are required to be filed between March 19, 2020, and April 30, 2020, SHALL BE DEEMED to have been timely filed if they are filed by May 1, 2020, or on a later date as permitted by the appellate or local court in question.").  Thus, we remanded to give the trial court an opportunity to respond to the content of Appellant's statement.  The parties were permitted to file supplemental briefs in response to the trial court's opinion.

[2] 35 P.S. § 780-113(a)(30).

[3] 35 P.S. § 780-113(a)(31).

[4] *See Commonwealth v. Graham*, 473 MDA 2020 (Pa. Super. Nov. 23, 2020) at 2.

Ultimately, Appellant was sentenced to an aggregate term of 84 to 168 months' imprisonment, where two consecutive terms of 42 to 84 months' imprisonment were imposed for each PWID conviction, with a concurrent 15 to 30 days' imprisonment for Appellant's marijuana conviction. Order, 2/24/20.[5]

Appellant's sole challenge on appeal is to the discretionary aspects of his sentence. He filed a statement pursuant to Pa.R.A.P. 1925(b), in which he argues that his sentence, which was in the standard range but consecutive, is excessive.[6] It is not the sentences *per se* but their having been imposed consecutively that prompts his claim.

Appellant argues that the trial court's statement in support of its sentence is insufficient, and fails to reflect consideration of statutory requirements. Appellant's Supplemental Brief at 15. Further, Appellant

_____

[5] On May 5th, this Court issued a rule to show cause why these consolidated appeals should not be quashed in light of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Because Appellant has demonstrated that he filed two distinct appeals (by, for instance, paying separate filing fees as to each appeal) and because this Court has declined to quash in similar circumstances, **see Commonwealth v. Jerome Johnson**, 236 A.3d 1141 (Pa. Super. 2020)(*en banc*), we decline to quash here.

[6] Appellant was arrested in December of 2018, which means that the fourth amendment to the Seventh Edition of the Sentencing Guidelines applied to his sentence. PWID of a Schedule I or II drug (such as Oxycodone), 100-1000 pills, carries an offense gravity score of eleven. **See** Sentencing Guidelines, 7th Edition Amendment 4 Supplement (Effective 6/1/2018), at 303.15 (offense listing). Applying the matrix, a prior record score of zero and offense gravity score of eleven yields a standard range of 36 to 54 months.

contends that the trial court failed to consider his prior record, age, personal characteristics, and rehabilitative potential in crafting his sentence. *Id.*

The Commonwealth argues that Appellant's claims are not properly preserved, that he has not presented a substantial question, and that the trial court did not abuse its discretion in imposing sentence. Commonwealth's Supplemental Brief at 7.

The trial court treated Appellant's discretionary aspects claim as preserved and addressed its substance, offering a powerful description of its sentencing powers and rationale. The trial court points out that "[a] bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question." Trial Court Supplemental Opinion at 4 (unpaginated), *quoting Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013). The trial court confirms that it reviewed the pre-sentence report prepared for Appellant's sentencing, and elected to impose low-standard range sentences but to impose them consecutively, as Appellant committed two distinct felony drug offenses ten days apart from one another, and is not entitled to a "volume discount." *See id.* at 4-5.

Trial courts have broad discretion in imposing sentence, and we review any exercise of that discretion for abuses thereof. *Commonwealth v. Smith*, 673 A.2d 893, 895 (Pa. 1996). An abuse of discretion, as opposed to a mere error of judgment, is manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will. *Id.* We will not reverse in scenarios where this Court might have exercised discretion differently, but only where the sentence

imposed reflects the aforementioned factors, or is so devoid of support as to be clearly erroneous. ***Commonwealth v. Moury***, 992 A.2d. 162, 170 (Pa. Super. 2010). Where the trial court consults a pre-sentence report prior to sentencing, we presume that the court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***See Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988). "When imposing sentence, the court must consider both the character of the defendant, and the particular circumstances of the offense in light of the legislative guidelines for sentencing." ***Commonwealth v. Warden***, 484 A.2d 151, 154 (Pa. Super. 1984) (citation omitted). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Moury***, 992 A.2d at 171–72 (citation omitted).

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 909 A.2d 303 (Pa. 2006) (citations omitted). It appears that the Commonwealth is correct that Appellant has not preserved his claim, as no

objection was made at sentencing and no post-sentence motion was filed pursuant to Pa.R.Crim.P. 720. "[A]n appellant can seek to appeal discretionary sentencing issues only after preserving them during the sentencing hearing or in post-sentence motions." ***Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007) (citation omitted).

We direct that a copy of the trial court's opinion of December 22, 2020 be filed along with this memorandum and attached to any future filings in this case.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/06/2021