J-S44042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT ERIC GRAHAM | : | |
| | : | |
| Appellant | : | No. 472 MDA 2020 |

Appeal from the Judgment of Sentence Entered February 24, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at No(s):
CP-40-CR-0000975-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT ERIC GRAHAM, II | : | |
| | : | |
| Appellant | : | No. 473 MDA 2020 |

Appeal from the Judgment of Sentence Entered February 24, 2020
In the Court of Common Pleas of Luzerne County Criminal Division at No(s):
CP-40-CR-0000976-2019

BEFORE:  BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:        **FILED: MAY 6, 2021**

Vincent Eric Graham, II (Appellant) appeals from his judgment of sentence entered in Luzerne County Court of Common Pleas, as a result of his plea to two sets of drug charges.  We previously remanded this matter so that the trial court could prepare an opinion per Pa.R.A.P. 1925.[1]  The trial court

---

[1] The trial court initially, and reasonably, believed Appellant to have violated the court-imposed deadline to submit a statement per Pa.R.A.P. 1925(b).

having done so, we now review this matter and affirm the trial court's judgment of sentence.

Appellant made an agreement with the Commonwealth whereby he entered guilty pleas to two charges of possession with the intent to deliver (PWID)[2] Oxycodone, between 100 and 1000 pills, and one charge of possession of a small amount of marijuana.[3] In exchange for entering an open plea and for his agreement to pay laboratory fees, to forfeit certain funds, and to pay the costs of prosecution, the Commonwealth agreed to withdraw other charges. N.T. Plea Hrg., 11/4/19, at 2-3. The details of the incidents leading to Appellant's arrest are detailed in a prior opinion of this Court.[4]

_____

However, the court's order per Rule 1925 was entered on March 13, 2020, during the early days of our nation's response to COVID-19. Our Supreme Court had entered an order extending all filing deadlines, and that order covered Appellant's deadline to file a responsive statement and rendered Appellant's statement timely filed, though in the absence of the statewide order it would not have been. **See In re Gen. Statewide Judicial Emergency**, 229 A.3d 229, 230 (Pa. Apr. 1, 2020) ("any legal papers or pleadings which are required to be filed between March 19, 2020, and April 30, 2020, SHALL BE DEEMED to have been timely filed if they are filed by May 1, 2020, or on a later date as permitted by the appellate or local court in question."). Thus, we remanded to give the trial court an opportunity to respond to the content of Appellant's statement. The parties were permitted to file supplemental briefs in response to the trial court's opinion.

[2] 35 P.S. § 780-113(a)(30).

[3] 35 P.S. § 780-113(a)(31).

[4] **See Commonwealth v. Graham**, 473 MDA 2020 (Pa. Super. Nov. 23, 2020) at 2.

- 2 -

Ultimately, Appellant was sentenced to an aggregate term of 84 to 168 months' imprisonment, where two consecutive terms of 42 to 84 months' imprisonment were imposed for each PWID conviction, with a concurrent 15 to 30 days' imprisonment for Appellant's marijuana conviction. Order, 2/24/20.[5]

Appellant's sole challenge on appeal is to the discretionary aspects of his sentence. He filed a statement pursuant to Pa.R.A.P. 1925(b), in which he argues that his sentence, which was in the standard range but consecutive, is excessive.[6] It is not the sentences *per se* but their having been imposed consecutively that prompts his claim.

Appellant argues that the trial court's statement in support of its sentence is insufficient, and fails to reflect consideration of statutory requirements. Appellant's Supplemental Brief at 15. Further, Appellant

---

[5] On May 5th, this Court issued a rule to show cause why these consolidated appeals should not be quashed in light of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Because Appellant has demonstrated that he filed two distinct appeals (by, for instance, paying separate filing fees as to each appeal) and because this Court has declined to quash in similar circumstances, **see Commonwealth v. Jerome Johnson**, 236 A.3d 1141 (Pa. Super. 2020)(*en banc*), we decline to quash here.

[6] Appellant was arrested in December of 2018, which means that the fourth amendment to the Seventh Edition of the Sentencing Guidelines applied to his sentence. PWID of a Schedule I or II drug (such as Oxycodone), 100-1000 pills, carries an offense gravity score of eleven. **See** Sentencing Guidelines, 7th Edition Amendment 4 Supplement (Effective 6/1/2018), at 303.15 (offense listing). Applying the matrix, a prior record score of zero and offense gravity score of eleven yields a standard range of 36 to 54 months.

contends that the trial court failed to consider his prior record, age, personal characteristics, and rehabilitative potential in crafting his sentence. *Id.*

The Commonwealth argues that Appellant's claims are not properly preserved, that he has not presented a substantial question, and that the trial court did not abuse its discretion in imposing sentence. Commonwealth's Supplemental Brief at 7.

The trial court treated Appellant's discretionary aspects claim as preserved and addressed its substance, offering a powerful description of its sentencing powers and rationale. The trial court points out that "[a] bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question." Trial Court Supplemental Opinion at 4 (unpaginated), *quoting Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013). The trial court confirms that it reviewed the pre-sentence report prepared for Appellant's sentencing, and elected to impose low-standard range sentences but to impose them consecutively, as Appellant committed two distinct felony drug offenses ten days apart from one another, and is not entitled to a "volume discount." *See id.* at 4-5.

Trial courts have broad discretion in imposing sentence, and we review any exercise of that discretion for abuses thereof. *Commonwealth v. Smith*, 673 A.2d 893, 895 (Pa. 1996). An abuse of discretion, as opposed to a mere error of judgment, is manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will. *Id.* We will not reverse in scenarios where this Court might have exercised discretion differently, but only where the sentence

imposed reflects the aforementioned factors, or is so devoid of support as to be clearly erroneous. ***Commonwealth v. Moury***, 992 A.2d. 162, 170 (Pa. Super. 2010). Where the trial court consults a pre-sentence report prior to sentencing, we presume that the court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***See Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988). "When imposing sentence, the court must consider both the character of the defendant, and the particular circumstances of the offense in light of the legislative guidelines for sentencing." ***Commonwealth v. Warden***, 484 A.2d 151, 154 (Pa. Super. 1984) (citation omitted). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Moury***, 992 A.2d at 171–72 (citation omitted).

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 909 A.2d 303 (Pa. 2006) (citations omitted). It appears that the Commonwealth is correct that Appellant has not preserved his claim, as no

objection was made at sentencing and no post-sentence motion was filed pursuant to Pa.R.Crim.P. 720. "[A]n appellant can seek to appeal discretionary sentencing issues only after preserving them during the sentencing hearing or in post-sentence motions." ***Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa. Super. 2007) (citation omitted).

We direct that a copy of the trial court's opinion of December 22, 2020 be filed along with this memorandum and attached to any future filings in this case.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/06/2021

COMMONWEALTH OF PENNSYLVANIA   : IN THE COURT OF COMMON PLEAS
                                                  :     OF LUZERNE COUNTY
                                                  :

            VS.                             :     CRIMINAL DIVISION
                                                  :

VINCENT ERIC GRAHAM, II            :     NOS: 975, 976 OF 2019

## SUPPLEMENTAL OPINION PURSUANT TO RULE 1925(a)(1)

BY THE HONORABLE MICHAEL T. VOUGH

    This matter arises from two informations filed by the Luzerne County District Attorney against Defendant, Vincent Eric Graham. Information number 975 of 2019 charged Defendant with possession with intent to deliver a controlled substance, possession of a small amount of marijuana and possession of drug paraphernalia. Information number 976 of 2019 charged Defendant with two counts of possession with intent to deliver a controlled substance, two counts of possession of a small amount of marijuana and one count of possession of drug paraphernalia.

    On November 14, 2019, Defendant pled guilty to one count of possession with intent to deliver a controlled substance on each information. The controlled substance was oxycodone and Defendant possessed 177 pills during a search of his vehicle on December 17, 2018 and 337 pills during a search incident to arrest on December 7, 2018. He also pled guilty to one count of possession of a small amount of marijuana.

    Sentencing occurred on February 24, 2020. Defendant received a sentence of forty-two to eighty-four months on both cases. These sentences were to be served consecutively and were within the standard range of the sentencing guidelines. The sentences were actually at the lowest end of the standard range. His sentence on the marijuana charge was fifteen to thirty days to be served concurrently. Defendant received credit for 285 days of incarceration served prior to sentencing.

CLERK OF COURTS CRIMINAL
LUZ CNTY DEC22'20AM9:23

Rather than file a post-sentence motion as permitted by Pa.R.Crim.P. 720(B)(1)(a), a notice of appeal was filed on behalf of Defendant on March 10, 2020. An order was then issued by this Court on March 13, 2020 which required that a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) be filed by Defendant within twenty-one days. Counsel for Defendant filed a concise statement on April 4, 2020. Defendant's concise statement essentially alleges an abuse of discretion and error of law in sentencing him within the standard range and imposing his sentences to be served consecutively. The allegations of an abuse of discretion and error of law have no merit whatsoever.

When considering whether to affirm a sentencing court's determination, the proper standard of review is an abuse of discretion. Commonwealth v. Smith, 673 A.2d 893, 895 (Pa. 1996). "Imposition of a sentence is vested in the discretion of the sentencing court and will not be disturbed absent a manifest abuse of discretion". Id. An abuse of discretion is more than a mere error of judgment. Id. A sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Id. "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." Commonwealth v. Moury, 992 A.2d 162, 170 (Pa.Super. 2010). "The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." Id.

There is no absolute right to appeal the discretionary aspects of a sentence. Commonwealth v. Mouzon, 812 A.2d 617, 621 (Pa. 2002). An appellant must demonstrate that there is a substantial question that the sentence is not appropriate under the sentencing code. Commonwealth v. Boyer, 856 A.2d 149, 152 (Pa. Super. 2004). A substantial question exists

where appellant sets forth a plausible argument that the sentence violates a particular provision of the sentencing code or is contrary to the fundamental norms underlying the sentencing scheme. Commonwealth v. McNabb, 819 A.2d 54, 56 (Pa.Super. 2003). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." Commonwealth v. Paul, 925 A.2d 825, 828 (Pa.Super. 2007).

Defendant's Rule 1925(b) statement sets forth no such claim and no evidence exists of record to support such a claim. A court's decision to impose consecutive, rather than concurrent, sentences does not alone present a substantial question for review. Commonwealth v. McWilliams, 887 A.2d 784, 787 (Pa.Super. 2005). A court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question. Commonwealth v. Pass, 914 A.2d 442, 446-47 (Pa.Super. 2006). "The general rule in Pennsylvania is that in imposing a sentence the court has discretion to determine whether to make it concurrent with or consecutive to other sentences then being imposed or other sentences previously imposed." Commonwealth v. Graham, 661 A.2d 1367, 1373 (Pa. 1995). "A bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question." Commonwealth v. Dodge, 77 A.3d 1263, 1270 (Pa.Super. 2013). "An allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." Commonwealth v. Cruz-Centeno, 668 A.2d 536, 545 (Pa.Super. 1995) quoting, Commonwealth v. Urrutia, 653 A.2d 706, 710 (Pa.Super. 1995). An allegation that a sentence is manifestly excessive fails to raise a substantial question when the sentence imposed falls within the statutory limits. Commonwealth v. Coss, 695 A.2d 831, 833 (Pa.Super. 1997). A claim that the trial court failed to consider the defendant's rehabilitative needs, age and educational background does not present a substantial question. Commonwealth v. Cannon, 954 A.2d 1222, 1228-29

(Pa.Super. 2008).

Even if it were determined that Defendant raised a substantial question regarding the sentence imposed, his appeal must fail. "When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." Commonwealth v. Griffin, 804 A.2d 1, 10 (Pa.Super. 2002) appeal denied, 868 A.2d 1198 (Pa. 2005) cert. denied, 545 US. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." Id.

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.

Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1998). In addition, Pennsylvania law views a sentence as appropriate under the Sentencing Code when it is within the standard range of the guidelines. Commonwealth v. Moury, 992 A.2d 162, 171 (Pa.Super. 2010). A sentence imposed within the guidelines may be reversed only if application of the guidelines is clearly unreasonable. Commonwealth v. Macias, 968 A.2d 773, 777 (Pa.Super. 2009); 42 Pa.C.S.A. Section 9781(c). Unreasonable means a decision that is either irrational or not guided by sound judgment. Commonwealth v. Walls, 926 A.2d 957, 963 (Pa. 2007). A trial court is not required to provide a statement of reasoning for a sentence imposed within the standard range of the sentencing guidelines. Commonwealth v. Leatherby, 116 A.3d 73, 83 (Pa.Super. 2015).

Before sentencing Defendant, this Court had an opportunity to review the pre-sentence investigation report prepared by the Luzerne County Probation Department and consider the

information contained therein. The standard range of the guidelines for possession with intent to deliver a controlled substance is forty-two to sixty months based on Defendant's prior record score of one. The standard range for possessing a small amount of marijuana is restorative sanctions to fifteen days. Defendant's sentence of forty-two to eighty-four months on the possession with intent charges was at the lowest end of the standard range. Discretion was exercised in imposing these sentences to run consecutively. Defendant committed two separate felony drug offenses ten days apart. He apparently believes that he should serve his sentences currently and receive a "volume discount" for his crimes which this court is not inclined to permit. See Commonwealth v. Hoag, 665 A.2d 1212, 1214 (Pa.Super. 1995).

An aggregate sentence of eighty-four to one hundred sixty-eight months is neither unreasonable nor excessive. No abuse of discretion occurred. The judgment of sentence imposed by this Court on February 24, 2020 should be affirmed.

BY THE COURT:

DATE:__December 22, 2020__

MICHAEL T. VOUGH,                P.J.