489 A.2d 218

**COMMONWEALTH of Pennsylvania**

**v.**

**James A. BROADIE, James H. Broadie, James Broadie, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 26, 1984.

Filed March 1, 1985.

John H. Corbett, Jr., Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and ROBERTS, JJ.

BROSKY, Judge:

This appeal is from the judgment of sentence imposed after appellant pled guilty to five counts of robbery and three counts of criminal conspiracy. Appellant contends that: (1) the double jeopardy clause of the United States Constitution was violated when the trial court increased his sentence; (2) the trial court erred by basing the increase in his sentence on uncorroborated statements by the prosecution; and (3) the trial court erred by increasing his sentence without a showing of any change in circumstances. We disagree with appellant, and, accordingly, affirm the judgment of sentence.

On March 21, 1983, appellant pled guilty to five counts of robbery and three counts of criminal conspiracy. He was sentenced to five concurrent terms of five to ten years imprisonment on May 10, 1983. The Commonwealth on May 12, 1983, filed a petition to reconsider the sentence. Following a hearing on the petition on May 19, 1983, the sentencing court vacated one of the concurrent sentences and made it consecutive to the other four sentences. Appellant did not file a motion to modify the new sentence. This appeal timely followed.

All of appellant's claims involve the propriety of the sentence imposed on May 19, 1983. We note that the

Commonwealth contends that all sentencing claims other than those involving the legality of the sentence have been waived by appellant's failure to file a motion to modify sentence under Pa.R.Crim.P. 1410.

Pa.R.Crim.P. 1410 requires that a motion to modify sentence be filed with the sentencing court within ten days after imposition of sentence. Failure to file such a motion waives all sentencing issues, except those involving the legality of the sentence. See *Commonwealth v. Warden*, 335 Pa.Super. 315, 484 A.2d 151 (1984); *Commonwealth v. Fortune*, 305 Pa.Super. 441, 451 A.2d 729 (1982). The purposes of this rule are to give the trial court the first opportunity to modify sentence and to give the appellate court the benefit of the trial court's views. *Commonwealth v. Anderson*, 304 Pa.Super. 476, 450 A.2d 1011 (1982).

The question that presents itself instantly is whether a second Rule 1410 motion must be filed if a party wishes to challenge a sentence that has already been modified pursuant to Rule 1410. This question could arise if a party is dissatisfied with a sentence that was modified pursuant to its own motion or, as in the instant case, pursuant to a motion by the other party. In either case, although Rule 1410 makes no express provision for the filing of an additional motion, we believe the purposes behind the rule require such a construction.

A modified sentence constitutes a new sentence from the date of which the time for filing a notice of appeal will begin to run anew. See Pa.R.Crim.P. 1410 (comment). The same reasons that supported the filing of a modification motion in regard to the original sentence support the filing of such a motion for the new sentence. If the party who filed the original motion is still dissatisfied with the sentence, a second motion gives the sentencing court the first opportunity to modify the new sentence. Similarly, the trial court will have that opportunity if, as is the case instantly, the party who did not file the original motion is

dissatisfied with the new sentence. In both cases, the additional motion will give the appellate court the benefit of the sentencing court's views of the party's claims of error as to the new sentence. Such an additional motion will be particularly beneficial where, as is also the case instantly, the defendant wishes to challenge some aspect of the modification hearing or the sentencing court's reasons for the new sentence rather than simply the length of the sentence. Thus, we conclude that Pa.R.Crim.P. 1410 requires that a motion to modify sentence be filed with the sentencing court within ten days after imposition of a modified sentence in order to preserve any sentencing issues. However, since Rule 1410 does not expressly require this procedure, we believe that it would be unfair and would generate unnecessary post-conviction litigation to enforce this requirement retrospectively. *Cf. Commonwealth v. Holmes,* 315 Pa.Super. 256, 461 A.2d 1268 (1983) (applying prospectively only requirements of specificity under Pa.R.Crim.P. 1123). Therefore, we hold that effective 60 days from today the procedure set forth above must be followed in order to preserve sentencing issues under Rule 1410.

\*    \*    \*    \*    \*    \*

■ We now turn to the merits of this appeal. Appellant first contends that the double jeopardy clause of the United States Constitution,[1] in its protection against multiple punishments for the same offense,[2] prohibited the sentencing court from modifying his sentence so as to increase his punishment.[3]

This issue was decided adversely to appellant in the case of *Commonwealth v. Anderson,* 304 Pa.Super. 476, 450 A.2d 1011 (1982). In *Anderson,* this Court held that the

1. U.S. Const. Amend. V.

2. See *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

3. Such a double jeopardy claim raises the issue of the lawfulness of appellant's sentence. See *Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976). Since claims of illegality of sentence cannot be waived, *Fortune, supra,* this issue would, in any event, be properly before us.

Commonwealth was required to file a Rule 1410 motion in order to effectuate its right to appellate review of the sentencing decision. In reaching our conclusion we stated:

> In fact, the Supreme Court of the United States has held that a federal statute permitting the government to seek an increased sentence on appeal does not violate principles of double jeopardy. *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). The "Double Jeopardy Clause does not require that a sentence be given a degree of finality that prevents [review and] later increase." *Id.* at 137, 101 S.Ct. at 437, 66 L.Ed.2d at 346. "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *Id.* at 135, 101 S.Ct. at 436, 66 L.Ed.2d at 344, quoting from *Bozza v. United States*, 330 U.S. 160, 166–167, 67 S.Ct. 645, 648–649, 91 L.Ed. 818, 822 (1947).

*Anderson*, 304 Pa.Superior Ct. at 481, 450 A.2d at 1014.

    \*    \*    \*    \*    \*    \*

Appellant next argues that the sentencing court erred in relying on uncorroborated statements by the prosecutor during the modification hearing as a basis for increasing appellant's sentence. During the hearing, the prosecutor made statements concerning the factual bases of appellant's prior convictions. Appellant contends that the court should not have relied on these statements absent corroboration in the form of official records of the prior convictions or testimony by a person with firsthand knowledge of the facts of the case.

In support of this proposition, he relies on the case of *Commonwealth v. Schwartz*, 275 Pa.Super. 112, 418 A.2d 637 (1980), in which this court stated that "a defendant has a right to minimal safeguards to ensure that the sentencing court does not rely on factually erroneous information, and any sentence predicated on such false assumptions is inimicable to the concept of due process." *Id.*, 275 Pa.Superior Ct. at 119–20, 418 A.2d at 640 (portion of dissent adopted by majority) (citations omitted).

We note, however, that *Schwartz* involved a situation in which the sentencing court relied on *ex parte* information in forming its sentence. The holding of the case was that information relied on by the sentencing court should be disclosed to a defendant so that he might have an opportunity to examine it and dispute its accuracy.

This is precisely the opportunity that was afforded appellant in the case *sub judice.* The prosecutor made her statements in open court and appellant did not (nor does he now) dispute their accuracy.

■ As we stated in *Schwartz,* "[a] sentencing judge 'may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.' *United States v. Tucker,* 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972)." *Id.*, 275 Pa.Superior Ct. at 119–120, 418 A.2d at 640–41; see *Roberts v. United States,* 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980). Thus, we find no merit to appellant's second issue.

\*　　\*　　\*　　\*　　\*　　\*

Appellant's final contention is twofold. He argues that the sentencing judge failed to state his reasons for modifying the sentence on the record and that, in any event, there was no change in circumstances between the date of the original sentence and the state of the modification hearing justifying the increase. We disagree with appellant as to both points.

■ While we agree that the case of *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977) (sentencing judge must state his reasons for his sentence on the record), would require that the sentencing judge place his reasons for increasing a sentence on the record, our review of the record indicates that he did so in this case. He clearly stated that he was increasing the sentence because he had been unaware of the serious nature of appellant's past offenses.

■ Secondly, we see no need to consider whether the sentence was thus based on a change of circumstances because we believe no such change is necessary to allow modification of a sentence.[4]  Although appellant cites no authority in support of his position, it would appear that he is relying on the principle that:

> [W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear.  Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.  And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.
>
> *North Carolina v. Pearce*, 395 U.S. [711], at 726, 89 S.Ct. [2072] at 2081, 23 L.Ed.2d [656] at 670 [1969].  The reason for this is primarily to protect the defendant from any vindictiveness on the part of the judge at the second trial
>  . . .

*Commonwealth v. DeCaro*, 298 Pa.Super. 32, 37, 444 A.2d 160, 162–63 (1982).

■ *DeCaro* is obviously distinguishable from the instant case on the basis that the more severe sentence was imposed not after a new trial, but after a modification hearing and the dangers present there are not present here.[5]  We see no reason why the sentencing court, pursuant to a motion under Rule 1410, cannot simply reconsider exactly the same facts and circumstances of the case previously considered and conclude that they warrant a different

---

4. We note that appellant argues that nature of the past offenses was contained in the pre-sentence report.

5. A Rule 1410 motion by the Commonwealth, of course, presents no question of vindictiveness by the trial court for any action by the defendant.  In the case of a Rule 1410 motion by the defendant, the court could not increase the sentence since it cannot raise issues *sua sponte*.  *Commonwealth v. Murphy*, 305 Pa.Super. 246, 451 A.2d 514 (1982).

sentence. In fact, this is precisely what defendants frequently request sentencing courts to do in the context of a claim that a sentence is manifestly excessive. For these reasons, we find appellant's third issue to be meritless.

Finding all of appellant's issues to be without merit, we must affirm the judgment of sentence.

Accordingly, the judgment of sentence is affirmed.