J-S08006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY KEPHART | |
| Appellant | No. 218 WDA 2016 |

Appeal from the Judgment of Sentence dated January 8, 2016
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000106-2015

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and SOLANO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED JUNE 07, 2017**

Appellant Timothy Kephart appeals from the judgment of sentence of seven to twenty years' incarceration, imposed after he pleaded guilty to 96 counts of theft by failure to make required disposition of funds received.[1] Appellant challenges the discretionary aspects of his sentence. We affirm.

Appellant ran two trucking companies: (1) Dart Trucking, located in Columbiana, Ohio; and (2) Kephart Trucking, located in Bigler, Pennsylvania. Appellant's criminal acts with respect to Dart Trucking resulted in federal prosecution. The federal district court convicted Appellant of conspiracy to

_____

[1] 18 Pa.C.S. § 3927(a).

commit bank fraud and bank fraud for check-kiting.[2]  On September 30, 2013, he received a federal sentence of 46 months of incarceration.

The charges in the instant case relate to Appellant's misuse of Kephart Trucking employees' health insurance and 401(k) contributions. The Commonwealth charged Appellant with 584 theft-related offenses for withholding Kephart Trucking employees' 401(k) and medical insurance contributions and directing those funds into the company's general account. On June 10, 2015, Appellant executed an open plea agreement, pleading guilty to 96 counts of theft by failure to make required disposition of funds as follows:

- 36 counts – third degree felony (401k);

- 40 counts – first-degree misdemeanor (401k);

- 2 counts – second-degree misdemeanor (401k); and

- 18 counts – first-degree misdemeanor (medical insurance).[3]

On June 15, 2015, the trial court conducted an oral plea colloquy.  At that hearing, both parties agreed that a separate hearing would be necessary to

_____

[2] Check kiting is the "improper manipulation of accounts to allow the account holder to draw on funds that it did not in fact possess." ***Pioneer Commercial Funding Corp. v. Am. Fin. Mortg. Corp.***, 855 A.2d 818, 823 (Pa. 2004) (footnote omitted), ***cert. denied***, 544 U.S. 978 (2005).

[3]  Theft is usually a third-degree felony when the amount involved exceeds $2,000; a first-degree misdemeanor when the amount involved is between $200 and $2,000; and a second-degree misdemeanor when the amount involved is between $50 and $200.  ***See*** 18 Pa.C.S. § 3903.

resolve issues involving restitution. The Commonwealth subsequently filed an amended information consistent with the plea agreement.

On July 31, 2015, the trial court held a sentencing/restitution hearing. Several employees testified about how Appellant's actions affected them. Appellant also testified. The Commonwealth submitted 32 letters from victims and their family members, and Appellant submitted letters written on his behalf. At the conclusion of the hearing, the court imposed a sentence of six months to two years' incarceration for each of the first sixteen counts, to be served consecutively to one another, for a total of eight to thirty-two years. The terms imposed for the remaining counts were to be served concurrently. Further, the state sentence was to be consecutive to Appellant's federal sentence. The trial court also ordered Appellant to pay restitution to several former employees.

On August 10, 2015, Appellant filed a post-sentence motion challenging the restitution order and the length and consecutive nature of his prison sentences. The court scheduled a hearing for November 17, 2015, but no testimony was taken because the parties stipulated that seven former employees would testify that they incurred unpaid medical expenses as a result of having their insurance cancelled. The court ordered both parties to submit briefs on "any outstanding issues involving [Appellant]'s Postsentence Motion." Order, 11/17/15. The Commonwealth submitted a brief, but Appellant did not. On January 8, 2016, the trial court granted the

post-sentence motion, eliminating the restitution requirement and reducing the prison sentence to seven to twenty years. The court found that the Commonwealth had not met its burden of proving a basis for restitution. The court further explained that it reduced the maximum sentence because the original maximum was based on the court's desire to ensure Appellant paid the full amount of restitution; once the restitution was eliminated, the court no longer believed that such a long maximum was necessary. Trial Ct. Op., 1/8/16, at 12. After the court imposed the modified sentence,[4] Appellant did not file another post-sentence motion.

On February 5, 2016, Appellant filed a timely notice of appeal. In his brief, Appellant raises one issue:

> While the trial court had discretion to issue consecutive sentences for counts 1 thru 14, the trial court's discretion was not unfettered. The trial court abused its discretion by making the sentences for counts 1 thru 14 run consecutively for an aggregate sentence of 7 to 20 years in prison. The trial court's 7 to 20 year aggregate sentence, although within the sentencing guidelines, is excessive and clearly unreasonable. The trial court's 7 to 20 year sentence, therefore, violates the Sentencing Code and its guidelines. U.S. Const. Amdts. VI, VIII, XIV; Pa. Const. Art. 1 § 9.

Appellant's Brief at 6.[5]

---

[4] Defendant agreed that he could be re-sentenced *in absentia* because he was in federal custody. Trial Ct. Op., 1/8/16, at 12.

[5] Appellant has filed an application to file a reply brief. We grant that application.

- 4 -

Appellant's challenge is to discretionary aspects of his sentence. This Court has explained:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. Prior to reaching the merits of a discretionary sentencing issue:
>
> > We conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.

*Commonwealth v. Evans*, 901 A.2d 528, 533-34 (Pa. Super. 2006) (brackets, quotation marks, and some citations omitted), *appeal denied*, 909 A.2d 303 (Pa. 2006).

Appellant filed a timely notice of appeal and his brief contains a Rule 2119(f) statement of reasons relied upon for allowance of an appeal. *See* Appellant's Brief at 31-33. However, Appellant did not properly preserve his issue.

Where a defendant's post-sentence motion is granted and a new sentence is imposed, the defendant must preserve any claim regarding the modified sentence, either through a second post-sentence motion or at the time of resentencing. In *Commonwealth v. Broadie*, 489 A.2d 218, 220

- 5 -

(Pa. Super. 1985), **appeal denied**, 170 WD 1985 (Pa. Oct. 21, 1985), we

explained the value of a new post-sentence motion:

> A modified sentence constitutes a new sentence from the date of which the time for filing a notice of appeal will begin to run anew. The same reasons that supported the filing of a modification motion in regard to the original sentence support the filing of such a motion for the new sentence. If the party who filed the original motion is still dissatisfied with the sentence, a second motion gives the sentencing court the first opportunity to modify the new sentence.

**Id.** (citation to former rule omitted); **see Commonwealth v. Levy**, 83 A.3d

457 (Pa. Super. 2013) (failure to file new motion after resentencing waived

right to appeal). Nevertheless, a defendant need not file a post-sentence

motion if he or she has otherwise preserved the challenge at the sentencing

hearing. **See Commonwealth v. Jarvis**, 663 A.2d 790, 792 n.4 (Pa.

Super. 1995). As the Comment to Pa.R.Crim.P. 720 explains:

> Once a sentence has been modified or reimposed pursuant to a motion to modify sentence . . . , a party wishing to challenge the decision on the motion does not have to file an additional motion to modify sentence in order to preserve an issue for appeal, **as long as the issue was properly preserved at the time the sentence was modified or reimposed.**

Pa.R.Crim.P. 720 cmt. (emphasis added); **see** Final Report of Criminal Rules

Comm., 27 Pa.B. 4549, 4558 (Aug. 22, 1997), *reprinted at http://*

*www.pabulletin.com/secure/data/vol27/27-36/1446.html* (explaining that

emphasized qualifier at end of sentence was "a logical extension of the holding in **Commonwealth v. Jarvis**").[6]

Here, Appellant filed a post-sentence motion after the court imposed the initial sentence of eight to thirty-two years, plus restitution. However, there is no indication in the record that Appellant raised his current sentencing claim at the time he was re-sentenced[7] or in a subsequent post-sentence motion.[8] Because he failed to preserve his claim with regard to the new sentence, he waived it. **See Levy**, 83 A.3d at 467; **Broadie**, 489 A.2d at 220.

Even if Appellant had properly preserved his claim, he would not be entitled to review because the question he seeks to raise is not a substantial question, and he therefore fails to satisfy the fourth prerequisite for our review.[9] This Court has explained:

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. Rather, the imposition of consecutive

---

[6] The 1997 amendments were made to Rule 1410 before that rule was renumbered as Rule 720 in 2000.

[7] Appellant may not have been able to raise a challenge at the time he was re-sentenced, given that he agreed to be re-sentenced in *absentia.*

[8] Indeed, Appellant expressly states he did not file a post-sentence motion after his sentence was modified. **See** Am. Concise Statement of Errors, 5/31/16, at ¶ 10.

[9] The Sentencing Code, 42 Pa. C.S. § 9781(b), authorizes allowance of an appeal "where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter."

rather than concurrent sentences will present a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

> To make it clear, a defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

***Commonwealth v. Caldwell***, 117 A.3d 763, 769 (Pa. Super. 2015) (*en banc*) (emphasis in original, and citations and quotation marks omitted), ***appeal denied***, 126 A.3d 1282 (Pa. 2015).

In ***Commonwealth v. Dodge***, 77 A.3d 1263, 1271-73 (Pa. Super. 2013), ***appeal denied***, 91 A.3d 161 (Pa. 2014), this Court held that the defendant raised a substantial question when he claimed that his aggregate sentence of 40 years and 7 months to 81 years and 2 months of incarceration was excessive based on the criminal conduct involved in his case. The defendant in ***Dodge*** had been convicted of forty counts of receiving stolen property, two counts of burglary, two counts of criminal trespass, and one count each of possession of a small amount of marijuana, possession of drug paraphernalia, and unauthorized use of a motor vehicle. ***Id.*** at 1266-67. We cautioned that although Dodge had raised a substantial question in his particular case, a defendant does not raise a substantial question "where the facts of the case [being reviewed] do not warrant the

conclusion that there is a plausible argument that the sentence is *prima facie* excessive based on the criminal conduct involved." **Id.** at 1271.

Here, Appellant was convicted of 96 counts of theft. While his crimes were non-violent and his sentence is lengthy, his sentence is not nearly as long as the 40-to-81-year sentence in **Dodge**. Given the extent of Appellant's criminal conduct, we conclude that this case does not involve the "most extreme circumstances" that would warrant a finding that he has raised a substantial question. **See Caldwell**, 117 A.3d at 769.

We therefore conclude that Appellant does not meet the requirements for review of the trial court's exercise of discretion in sentencing him. We nonetheless add that even if Appellant had met those requirements, he would not be entitled to relief. Appellant argues that his sentence is unreasonable based on:

> (1) the non-violent nature of [Appellant]'s actions, (2) the Commonwealth's failure to show that, outside of losing their jobs because Kephart Trucking ultimately shuttered its operations, no employees suffered financial harm in connection with the 401(k) and/or medical insurance contributions, (3) the fact that [Appellant] did not financially benefit from his actions, (4) [Appellant]'s acknowledgment of responsibility, (5) [Appellant]'s expression of remorse, (6) [Appellant]'s prior record score of zero, (7) the fact [Appellant] had previously paid restitution in excess of the amount owed by voluntarily surrendering the entirety of his own 401(k) account, and (8) the fact [Appellant] is currently serving a 46-month federal prison sentence on conduct related to the state court charges he pled guilty to and are part of a continual chain of events triggered by the 2008 to 2010 financial crisis.

Appellant's Brief at 32-33. Appellant was free to advance these considerations before the trial court, but they do not require that his sentence be vacated on appeal.

As we have frequently explained, "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted), ***appeal denied***, 980 A.2d 607 (Pa. 2009). In this context, "[a]n abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." ***Commonwealth v. Flowers***, 149 A.3d 867, 873 (Pa. Super. 2016) (quoted citation omitted).

The Sentencing Code, 42 Pa.C.S. § 9721(b), provides that a court should impose a sentence of confinement that is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." ***See Commonwealth. v. Walls***, 926 A.2d 957, 962 (Pa. 2007). Here, the trial court explained its sentence as follows:

> In regard to the sentence, the Court took into account all factors that were both favorable to [Appellant] and favorable to the Commonwealth. The Court certainly recognized that [Appellant] had a good record during his period of both Federal and then

- 10 -

County incarceration. Also that [Appellant] has voluntarily taken responsibility for his actions and shown remorse. Any arguments made by both the Commonwealth and the Defense at [the] time of sentencing were closely listened to by the Court and taken into account when the sentence was fashioned. The Court further notes that all sentences imposed were squarely within the standard range of the State Sentencing Guidelines. For example, on the first sixteen counts of Theft by Failure to Make Required Disposition of Funds Received, Felony of the Third Degree, upon which [Appellant] received his princip[al] sentence, the standard range under the Sentencing Guidelines was RS[10] to 9 [months]. The minimum period of incarceration imposed on each count was 6 months. Obviously, the real complaint of [Appellant] was that the 16 counts were run consecutive to each other. However, it is strictly within the discretion of the sentencing Judge to determine whether the sentence should be imposed consecutively or concurrently.

Trial Ct. Op., 1/8/16, at 10. The court also reasoned, "[a] defendant is not entitled to receive a 'volume discount' for his criminal conduct by having his sentence[s] run concurrently simply because they are a result of one larger criminal transaction." *Id.* at 11. The trial court noted that the restitution Appellant paid from his personal 401(k) was mandated by the Federal Court, and Appellant had previously tried to withdraw the money for himself. Trial Ct. Supp. Op., 6/1/16, ¶ 1. Finally, the trial court disagreed with Appellant's assertion that this case was related to his federal case, which involved a different trucking company in a different state. *Id.*

---

[10] RS is an abbreviation for Restorative Sanctions. RS "suggests use of the least restrictive, non-confinement sentencing alternatives described in 42 Pa.C.S. § 9753 (determination of guilt without further penalty), § 9754 (order of probation) and § 9758 (fine). 42 Pa.C.S. § 9721(c) (mandatory restitution) is also included in RS." 204 Pa. Code § 303.9(f).

We agree with the trial court's reasoning. Accordingly, we conclude that the trial court did not abuse its discretion or commit an error of law in imposing sentence. **_See Flowers_**, 149 A.3d at 873; **_Sheller_**, 961 A.2d at 190.

Application to file a reply brief granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2017