J-A08008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JAMES JOHNSON | |
| Appellant | No. 601 EDA 2016 |

Appeal from the Judgment of Sentence January 6, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003956-2015

BEFORE:  PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 18, 2017**

Appellant, James Johnson, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, which resentenced him following his motion for reconsideration. We vacate Appellant's judgment of sentence and remand for resentencing.

The relevant facts and procedural history of this case are as follows. After Timothy Matthews and his wife got into an argument, she called her brother, Damon Cephas, and Appellant to assist her. Matthews called 911 and left the home; he was standing on a street corner when Cephas and Appellant approached him. Matthews attempted to run into a nearby deli, but Cephas and Appellant dragged him outside and assaulted him. Cephas

---

[*] Former Justice specially assigned to the Superior Court.

also removed $40 and a cell phone from Matthews during the beating. Appellant and Cephas told Matthews they were going to kill him in retaliation for calling the police. After the incident, Matthews saw Appellant and Cephas in custody, and identified them as the men who beat and robbed him. Appellant was also wearing a hat stolen from Matthews during the beating.

Appellant proceeded to a jury trial and the jury convicted him of robbery, conspiracy to commit robbery, theft, receiving stolen property, simple assault, and terroristic threats.[1] On November 12, 2015, the trial court sentenced him to an aggregate term of three to six years' incarceration. Appellant filed a timely motion for reconsideration of his sentence. The court held a hearing on the motion, and ultimately resentenced Appellant to a term of four to eight years' incarceration, explaining that Appellant's conduct merited an increased sentence. Appellant filed a timely notice of appeal.

On February 11, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a Rule 1925(b) statement, but not until April 7, 2016, 56 days later. His appeal is now before this Court.

On appeal, Appellant raises two questions for our review:

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(iv); 903; 3921(a); 3925(a); 2701(a); and 2706(a), respectively.

Did the trial court [err] when it found that the Commonwealth presented sufficient evidence to find the Appellant guilty beyond a reasonable doubt?

Did the trial court abuse [its] discretion when it increased the Appellant's sentence *sua sponte*?

Appellant's Brief at 3.

Preliminarily, we must resolve a procedural issue in Appellant's case. The court ordered Appellant to file a Rule 1925(b) statement. Appellant complied, but well after the 21-day limitation. Thus, Appellant's Rule 1925(b) statement was untimely. As we outlined in **Commonwealth v. Thompson**, 39 A.3d 335 (Pa. Super. 2012), in **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), our Supreme Court held that issues not raised in a court-ordered Pa.R.A.P. 1925(b) statement are not preserved for review. **Accord Commonwealth v. Castillo**, 888 A.2d 775 (Pa. 2005) (affirming Lord and holding untimely filing of Rule 1925(b) statement waives issues raised for appellate review).

Following **Lord** and **Castillo**, Pa.R.A.P. 1925(b) was amended. The rule now states that if an appellant "in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge." Pa.R.A.P. 1925(c)(3). As this Court in **Thompson** observed, pursuant to this subsection, when a Pa.R.A.P. 1925(b) statement is not filed or is untimely filed, counsel will be considered ineffective *per se*. **See Commonwealth v. Burton**, 973 A.2d 428 (Pa. Super. 2009);

- 3 -

*Commonwealth v. Scott*, 952 A.2d 1190 (Pa. Super. 2008). In such scenarios, the case will be remanded for the filing of the statement *nunc pro tunc* and the preparation of a trial court opinion in response to the statement. Where the court does have the benefit of reviewing an untimely-filed statement and writes an opinion, we do not remand. *See Thompson*, 39 A.3d at 341. In *Thompson*, the appellant's Pa.R.A.P. 1925(b) statement was untimely, and the trial court was unable to author a response to the issues raised. We therefore remanded for the trial court to discuss the issues presented in the untimely statement.

Here, Appellant's statement was untimely, but the trial court nevertheless addressed Appellant's issues on appeal in its Rule 1925(a) opinion. Consequently, we need not remand.

Appellant first raises a sufficiency claim. An appellant, however, in the Rule 1925(b) statement must identify, with particularity, the element(s) of the crime he alleges was insufficiently supported by the evidence at trial. *See Commonwealth v. Williams*, 959 A.2d 1252, 1257-1258 (Pa. Super. 2008). Waiver applies even in instances where the Commonwealth fails to object and the trial court addresses the sufficiency issue in its Rule 1925(a) opinion. *See Commonwealth v. Roche*, 153 A.3d 1063, 1072 (Pa. Super. 2017).

In his Rule 1925(b) statement, Appellant baldly alleged the evidence was insufficient to support his various convictions. Appellant failed to identify any elements or elements of his convictions that lack record support;

indeed, Appellant merely decries all six of his convictions as having been supported by insufficient evidence. Thus, we find Appellant waived his sufficiency claim for appellate review.

Appellant also challenges the legality of his sentence on appeal. Appellant claims the court erred by increasing his aggregate sentence *sua sponte* following the post-sentence motion hearing. Appellant maintains the sentencing court is unable to reconsider sentencing factors to craft a new sentence without a specific request from either party to do so. We agree— as do the Commonwealth and the sentencing court.

"Issues relating to the legality of a sentence are questions of law…. Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Brougher**, 978 A.2d 373, 377 (Pa. Super. 2009) (citation omitted).

"If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." **Commonwealth v. Rivera**, 95 A.3d 913, 915 (Pa. Super. 2014). "This Court has indicated that when the Commonwealth does not file a post-sentence motion seeking modification of a sentence, the sentencing court may not increase a sentence based upon the defendant's post-sentence motion." **Commonwealth v. Nickens**, 923 A.2d 469, 472 (Pa. Super. 2007) (citation omitted). **See also Commonwealth v. Broadie**, 489 A.2d 218, 222 n.5 (Pa. Super. 1985) (holding sentencing court may not raise issues *sua sponte* in absence of Commonwealth's post-sentence motion).

Accordingly, we are constrained to vacate Appellant's judgment of sentence. **See Commonwealth v. Fennell**, 105 A.3d 13, 15 (Pa. Super. 2014) (holding proper action in instance where court imposed illegal sentence that alters entire sentencing scheme is to vacate sentence and remand for resentencing). We find that the court's imposition of an illegal sentence requires us to remand to the sentencing court for resentencing. The convictions, however, are affirmed.

Convictions affirmed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2017