J-S33045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL HARRIS | : | |
| | : | |
| Appellant | : | No. 2255 EDA 2020 |

Appeal from the Judgment of Sentence Entered October 20, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000081-2018

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JANUARY 11, 2022**

Michael Harris appeals from the judgment of sentence entered following his jury trial conviction for attempted sexual assault. 18 Pa.C.S.A. §§ 901, 3124.1. Harris challenges the discretionary aspects of his sentence. We affirm.

The trial court set forth the following factual and procedural history:

> Harris, was arrested and was charged with attempted rape and attempted sexual assault of the complainant, [M.G.], on October 27, 2016. [M.G.] had been working with [Harris] as a publicist and assistant organizing fundraising and speaker events for him for approximately eight to ten months. Evidence at trial revealed that on the evening in question, [M.G.] had attended a client event with [Harris] and at the end of the evening when he was driving her home; [Harris] had isolated and secluded the complainant in Fairmount Park instead of taking her home as she had repeatedly requested. Instead of heeding her requests, [Harris] drove her to a dark part of the park, parked his car, [and] forced her out of the vehicle when she had stated that she had to urinate. After she had alighted from the vehicle, he forced himself upon her by approaching her from behind, putting

both of his arms under her armpits and grabbing her away from the street and past the bushes.

[Harris], a considerably larger individual, then bent [M.G.'s] body facedown over a park bench, restrained her with one hand on her neck and used his other hand to pull down her pants and underwear. Once she had been pinned, he pulled out his penis and attempted to insert it into her vagina. As [Harris] restrained her, the complainant struggled, screamed, and cried.

As she pleaded for him to stop, she reminded [Harris] that she had been raped before and asked him how he could do this to her as his friend. [Harris] finally stopped when his penis went limp.

Frustrated, [Harris] then told the complainant that she had "messed up" and that she "just made it harder" on herself the next time. He claimed that the next time was going to be more "volatile." Scared that he was going to kill her, [M.G.] got back in [Harris's] car and he dropped her off at a nearby home of her cousin. Later that same day, the complainant told her mom what had happened and they called the police to report what had happened. Two days later, on October 29, 2016, [Harris] e-mailed the complainant, "You okay? You okay?" The complainant did not respond right away. When she did respond, she replied that she had gotten his text messages and calls, but to answer his questions, "No, I'm not okay;" "How dare you have the audacity to act like nothing happened, that you didn't try to rape me in the park. When you bent me over the bench and told me it would be more volatile for me next time. So to answer your question, No, Mike, I'm not okay. Stop contacting me." [Harris's] response was not a denial; he simply said that he had been joking. (N.T. 2/19/2020, pp. 33 –119).

Trial Court Opinion, filed June 8, 2021, at 1-3 (footnotes omitted).

On February 24, 2020, a jury convicted Harris of attempted sexual assault.[1] After receiving a presentence report and mental health evaluation, the court sentenced Harris to a term of four to eight years' incarceration followed by three years' reporting probation and designated Harris as a Tier III sex offender. On October 13, 2020, Harris filed post-sentence motions asserting that the jury verdict was against the weight of the evidence and requesting reconsideration and modification of the sentence. On October 20, 2020, the trial court denied the motion seeking a new trial but granted the motion to reconsider the sentence. After a hearing, the court re-sentenced Harris to a reduced term of 3½ to 7 years' incarceration followed by three years of state supervised probation. Harris did not file a post-sentence motion following his re-sentencing. Harris filed a timely notice of appeal.

Harris raises the following issues on appeal:

1. Whether the lower court erred and abused its discretion in sentencing [Harris].

    A. [Harris's] sentence was manifestly extreme, excessive, and clearly unreasonable.

    B. The trial court improperly considered as aggravating factors matters already considered by the standard guideline range.

        i. The trial court improperly sentenced [Harris] in the aggravated range when the facts found by the jury did not deviate from the norm contemplated by the sentencing guidelines for Attempted Sexual Assault;

---

[1] The jury found Harris not guilty of attempted rape, 18 Pa.C.S.A. § 3121(a)(1).

ii. The trial court, by sentencing [Harris] in the aggravated range, penalized [Harris] for exercising trial rights.

C. The trial court sentenced [Harris] out of partiality, prejudice, bias and/or ill will.

D. The trial court's findings and opinion of [Harris] at sentencing is unsupported by the record, including but not limited to, where the trial court opined that [Harris] denigrated and stalked the victim and used his position as a weapon, and that [Harris] had deep seated issues and/or resentment with women.

i. Although [Harris] had juvenile adjudications and this conviction, [Harris] otherwise lived a life of positive mentorship and positive relationships, even with women, in his family, community, and business, as indicated by his character letters that the Trial Court failed to properly weigh and consider.

E. The trial court improperly disregarding or failed to properly weigh [Harris's] character, family relationships, rehabilitation efforts and amenability, and remorse for the impact upon the victim, along with mitigating statutory factors.

F. [Harris] believes that the trial court sentenced him out of prejudice and more harshly misjudged him because he is an African American male who showed pride in his business and mentorships.

G. The trial court sentenced [Harris] in the aggravated range with finding of facts under 18 Pa.C.S.A. § 3133, sexual extortion, for which he was not charged or convicted.[2]

H. The trial court sentenced [Harris] in the aggravated range with finding of facts of attempted rape by forcible compulsion and/or threat of force, 18 Pa.C.S.A. § 3121, and rape, 18 Pa.C.S.A. [§] 901(A),

---

[2] Although Harris included this issue in his statement of issues, he withdrew it in the argument section of his brief. Harris's Br. at 23.

when the jury rejected those facts and acquitted [Harris].

Harris's Br. at 6-7.

Harris argues that the trial court abused its discretion when imposing sentence. He claims it misapplied the law, imposed a manifestly excessive sentence, and exercised judgment for reasons of partiality, prejudice, bias, or ill-will. He asserts that running the term of probation consecutive to the term of incarceration resulted in an excessive aggregate sentence. Further, he claims the court failed to consider the mitigating facts before it, including the trauma Harris endured as a child, his health problems and hospitalizations, and his acceptance of responsibility and remorse. He argues this claim of excessiveness coupled with failure to consider mitigating factors raises a substantial question.

Harris further claims the court "improperly sentenced [him] in the aggravated range when the facts found by the jury did not deviate from the norm contemplated by the sentencing guidelines for Attempted Sexual Assault." Harris's Br. at 13-14. He claims the court's only basis for re-sentencing him in the aggravated range was his decision to go to trial.

Harris next claims the court's sentence could only have been out of partiality, prejudice, bias, or ill will. He claims the court sentenced him more harshly because he was an African American male who showed pride in his business. He alleges the record does not support the court's findings or its opinion of Harris, including the court's opinions that Harris denigrated and stalked the victim, used his position as a weapon, and had deep seated issues

with women. Harris further claims the court based the sentence on facts of attempted rape by forcible compulsion, of which the jury acquitted him. The use of such facts was therefore improper.

In his issues, Harris challenges the discretion aspects of his sentence. There is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). Rather, we follow a four-part analysis before addressing a challenge to discretionary aspects of sentence. We must determine whether the appellant: (1) filed a timely notice of appeal; (2) properly preserved the sentencing issue at sentencing or in a motion to reconsider or modify sentence; (3) included in the appellate brief a concise statement of the reasons relied upon for allowance of appeal; and (4) asserted a substantial question that the sentence is not appropriate under the Sentencing Code. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013); 42 Pa.C.S.A. § 9781(b). "[I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case." *Austin*, 66 A.3d at 808 (citation omitted).

Here, Harris filed a timely notice of appeal. However, he did not file a post-sentence motion following his re-sentencing and therefore waived the claims. *See Commonwealth v. Levy*, 83 A.3d 457, 467 (Pa.Super. 2013) (failure to file new post-sentence motion after resentencing waived defendant's appeal of discretionary aspects of sentence); *Commonwealth v. Kephart*, 2021 WL 1716642, at *4 (Pa.Super. filed Apr. 30, 2021) (noting

that if counsel failed to file a post-sentence motion following re-sentencing, any challenge to the discretionary aspects of the appellant's sentence would be waived); *see also Commonwealth v. Broadie*, 489 A.2d 218, 220 (Pa.Super. 1985) (finding "[a] modified sentence constitutes a new sentence from the date of which the time for filing a notice of appeal will begin to run anew" and that "[i]f the party who filed the original motion is still dissatisfied with the sentence, a second motion gives the sentencing court the first opportunity to modify the new sentence"). Harris furthermore did not include a concise statement of reasons relied upon for allowance of appeal in a separately-titled section of the brief, and the Commonwealth has objected. *See* Pa.R.A.P. 2119(f). Although he included in the body of his brief some argument that the issues raised were substantial questions, because such argument was not in a separate section, we cannot review the claims. *See Commonwealth v. Weir*, 201 A.3d 163, 175 (Pa.Super. 2018); *Commonwealth v. Griffin*, 149 A.3d 349, 353 (Pa.Super. 2016).

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2022

- 7 -