J-A07012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FREDRICK LEONARD | : | |
| | : | No. 889 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 12, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002783-2022

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:                    **FILED: MAY 6, 2025**

Fredrick Leonard appeals from the aggregate judgment of sentence of thirteen and one-half to twenty-seven months of incarceration imposed upon his convictions for simple assault and harassment.  We affirm.

This case stems from Appellant's beating of Gwynneth Mayo on May 10, 2022.  On that date, the two were in a relationship and had been living together for seven months in the home Ms. Mayo shared with her mother and her three minor children.  *See* N.T. Trial, 2/14-15/23, at 22.  At the time of the incident, all occupants were home.  Shortly before the attack, an argument erupted in the living room.  Appellant accused Ms. Mayo of stealing his money and attempted unsuccessfully to choke her as she sat on the couch.  The squabble escalated as it migrated to the attached garage.  Specifically, Appellant ripped off Ms. Mayo's necklace, she punched him a couple times, and he then beat her to the ground with his fists and a metal table leg, striking

her in the head and on her wrists. As a result of this battering, Ms. Mayo suffered a bloody lip, knots on her head, a fractured wrist on her left arm, and contusions on her right elbow and forearm. Observing this physical altercation in the garage, Ms. Mayo's mother directed the youngest of the children to call the police. She also attempted to intervene but Appellant shoved her aside. However, he fled after Ms. Mayo's mother told him to leave. Thereafter, police responded and ultimately filed charges against Appellant for the assault.

Appellant proceeded to a hybrid jury/bench trial, at the conclusion of which he was found guilty of simple assault by the jury and of harassment by the court.[1] After reviewing the arguments of counsel, Appellant's allocution, and his pre-sentence investigation report, the court applied the domestic violence enhancement to the sentencing guidelines for simple assault.[2] It

_____

[1] The jury deadlocked as to aggravated assault (deadly weapon) and found him not guilty of aggravated assault (attempt to cause serious bodily injury). Prior to sentencing, the Commonwealth withdrew the outstanding aggravated assault (deadly weapon) charge.

[2] This provision provides as follows:

> **(a) Sentencing enhancement.--**The Pennsylvania Commission on Sentencing, in accordance with [§] 2154 (relating to adoption of guidelines for sentencing), shall provide for a sentence enhancement within its guidelines for an offense under 18 Pa.C.S. § 2701 (relating to simple assault) or 2702 (relating to aggravated assault), specifying variations from the range of sentences applicable based on such aggravating circumstances as the assault was committed against a family or household member and the defendant knew the crime was witnessed, either through sight or sound, by a minor who is also a family or household member of the defendant or the victim.

*(Footnote Continued Next Page)*

- 2 -

sentenced Appellant to a standard-range period of one to two years of incarceration for simple assault and ninety days for harassment. Those terms were set to run consecutive to each other, as well as any other sentences he was serving. Appellant filed a timely post-sentence motion seeking time credit, which the trial court denied.

A direct appeal was not pursued. Instead, Appellant *pro se* filed a timely petition pursuant to the Post Conviction Relief Act ("PCRA"). Counsel was appointed and filed an amended petition, challenging the effective assistance of sentencing counsel for failing to (1) raise the illegality of the flat-term harassment sentence; (2) file a direct appeal as requested; or (3) inform the sentencing court that awarding time credit was not discretionary. ***See*** Supplemental PCRA Petition, 4/17/24, at 3-8. After a hearing, the court granted Appellant's PCRA petition. In particular, it reinstated his appellate

_____

**(b) Definitions.--**As used in this section, the following words and phrases shall have the meanings given to them in this subsection unless the context clearly indicates otherwise:

**"Family or household member."** The term shall have the same meaning as "family or household members" under 23 Pa.C.S. § 6102 (relating to definitions).

42 Pa.C.S. § 9720.8. Section 6102, in turn, defines "family or household member" as: "Spouses or persons who have been spouses, persons living as spouses or who lived as spouses, parents and children, other persons related by consanguinity or affinity, current or former sexual or intimate partners or persons who share biological parenthood." 23 Pa.C.S. § 6102(a). Notably, since § 9720.8's enactment in 2018, no case in our Commonwealth has addressed its application.

rights *nunc pro tunc*, awarded time credit, and amended his harassment sentence to add a minimum term of imprisonment of forty-five days to the previously-imposed ninety-day maximum.

Appellant subsequently filed a post-sentence motion challenging the consecutive nature of his sentences and the application of the domestic violence enhancement to his simple assault sentencing guidelines. Critically, he did not challenge any of the new aspects of his sentence. The court denied this motion in its entirety because Appellant did not request reinstatement of his post-sentence motion rights, and the PCRA court did not grant him the right to file a new post-sentence motion as to the original sentence as part of his PCRA relief.

This timely appeal followed. Both Appellant and the trial court complied with the requirements of Pa.R.A.P. 1925. In this Court, Appellant presents a single issue for our consideration: "Whether the trial court erred in imposing a sentence under the domestic violence sentencing enhancement pursuant to 42 Pa.C.S. § 9720.8." Appellant's brief at 1 (citation and some capitalization altered).[3]

Since Appellant's sole issue challenges the court's sentencing discretion, we first determine whether he has invoked our jurisdiction to review that claim. *Accord Commonwealth v. Kneller*, 999 A.2d 608, 613 (Pa.Super. 2010) (*en banc*) ("This Court has held that a challenge to the application of

---

[3] We note our displeasure that the Commonwealth chose not to file a brief in this Court.

the deadly weapon enhancement implicates the discretionary aspects of sentencing." (cleaned up)). As such, he must satisfy the following four-prong test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Rivera*, 312 A.3d 366, 376–77 (Pa.Super. 2024) (cleaned up).

Appellant claims, without elaboration, that he satisfied the first three parts of this test. *See* Appellant's brief at 8 ("Review of the record shows that Appellant has satisfied the first three parts of this four-part test." (some articles omitted)). However, our review of the record indicates otherwise. To wit, Appellant did not challenge the enhancement at either his sentencing proceeding or in his initial timely post-sentence motion where he sought time credit. Indeed, he did not raise it until **after** his direct appeal rights were reinstated and his harassment sentence was amended pursuant to his PCRA petition, within a post-sentence motion that the trial court denied as improvidently filed.

The trial court's finding that the motion was improper is supported by our caselaw:

> [P]ursuant to the Pennsylvania Supreme Court's decision in *Commonwealth v. Liston*, 977 A.2d 1089 (Pa. 2009), a PCRA petitioner who is granted reinstatement of his direct-appeal rights

*nunc pro tunc* is not entitled to a subsequent order reinstating his right to file post-sentence motions *nunc pro tunc* if he has not requested such relief with the PCRA court, and if the court did not hold an evidentiary hearing on that issue.

**Commonwealth v. Fransen**, 986 A.2d 154, 155 (Pa.Super. 2009) (citation altered). Appellant neither sought nor was granted leave to file a new post-sentence motion as part of his PCRA relief.

Nonetheless, we recognize that this Court has held that, pursuant to the predecessor of Pa.R.Crim.P. 720, a defendant is authorized to file a new post-sentence motion after receiving a modified sentence. We explained thusly:

A modified sentence constitutes a new sentence from the date of which the time for filing a notice of appeal will begin to run anew. The same reasons that supported the filing of a modification motion in regard to the original sentence support the filing of such a motion for the new sentence. If the party who filed the original motion is still dissatisfied with the sentence, a second motion gives the sentencing court the first opportunity to modify the new sentence. Similarly, the trial court will have that opportunity if, as is the case instantly, the party who did not file the original motion is dissatisfied with the new sentence. In both cases, the additional motion will give the appellate court the benefit of the sentencing court's views of the party's claims of error as to the new sentence. Such an additional motion will be particularly beneficial where, as is also the case instantly, the defendant wishes to challenge some aspect of the modification hearing or the sentencing court's reasons for the new sentence rather than simply the length of the sentence.

**Commonwealth v. Broadie**, 489 A.2d 218, 220 (Pa.Super. 1985) (citation to former rule number omitted); **see also Commonwealth v. Myers**, ___ A.3d ___, 2025 WL 753578 at *6 (Pa.Super. 2025) (non-precedential decision) (citing **Broadie**, among other cases, for the proposition that when "a trial court grants a post-sentence motion and imposes a new sentence, the

defendant must preserve any challenge to the discretionary aspects of the new sentence either through a second post-sentence motion or at the time of the resentencing" (citations omitted)).

In light of the amended harassment sentence, Appellant could challenge that particular change in a post-sentence motion within ten days of imposition. However, the modification of his illegal harassment sentence did not authorize Appellant to raise belated complaints about the un-affected simple assault sentence. Any challenges as to the original sentence, like application of the domestic violence enhancement to his sentencing guidelines, had to be preserved either at sentencing or in a timely post-sentence motion thereafter. Appellant did not raise this challenge at sentencing or in his first post-sentence motion seeking time credit, and our jurisprudence does not permit a second bite at the apple. As such, the court's modification of Appellant's harassment sentence did not create a new opportunity for him to challenge his simple assault sentence.

Appellant cites no other authority that he could preserve his challenge to the domestic violence enhancement applied to his simple assault sentencing guidelines in a second, untimely post-sentence motion from the amendment of his harassment sentence. Thus, based on the foregoing, we conclude that Appellant has failed to invoke our jurisdiction to consider his claim challenging the discretionary aspects of his simple assault sentence. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/06/2025