J-S01023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS NIEVES | : | |
| | : | No. 774 MDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence April 3, 2017
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0002442-2016

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 06, 2018**

Luis Nieves ("Appellant") appeals from the judgment of sentence imposed after he pled guilty to one count of simple assault.[1]  After careful review, we affirm.

Appellant's guilty plea arose from an incident that occurred on October 4, 2016 when Appellant, while incarcerated for an unrelated offense, sprayed bodily fluids on a corrections officer at the Lackawanna County Prison. Appellant was charged with one count of simple assault and entered a guilty plea on April 3, 2017.  Appellant waived his right to a pre-sentence investigation and that same day the trial court sentenced him to a term of one to two years of imprisonment to be served consecutive to the sentence

---

[1] 18 Pa.C.S.A. § 2701(a)(1).

Appellant was already serving. In addition, the trial court ordered Appellant to undergo a mental health evaluation.

Appellant filed a motion for reconsideration on April 10, 2017, which the trial court denied by order dated April 11, 2017. Appellant filed a timely notice of appeal on May 5, 2017, followed by a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on July 6, 2017. On July 24, 2017, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues on appeal:

1. Did the Trial Court err and/or abuse its discretion in finding [Appellant's] guilty plea was knowingly, intelligently and voluntarily made and in accepting [Appellant's] guilty plea to the charge of Simple Assault, in violation of 18 Pa.C.S.A. §2701(a)(1), where the totality of the circumstances show the plea was of an unknowing character?

2. Did the Trial Court err and/or abuse its discretion by failing to order a psychiatric evaluation of [Appellant] and consider his rehabilitative needs and mitigating circumstances, and by relying upon impermissible factors, including the seriousness of the crime and unverified reports of uncharged misconduct, to justify imposing the maximum sentence allowable by law, to be served consecutive to the sentence [Appellant] is currently serving, without sufficiently stating on the record the reasons for the sentence imposed?

Appellant's Brief at 4.

In Appellant's first issue, he challenges the validity of his guilty plea, asserting that the trial court's colloquy was inadequate and "so fraught with deficiencies that his plea could not have been intelligent and understanding." Appellant's Brief at 14.

"Initially, we note that when a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." *Commonwealth v. Stradley*, 50 A.3d 769, 771 (Pa. Super. 2012). It is well settled that "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver." *Commonwealth v. Lincoln*, 72 A.3d 606, 609–10 (Pa. Super. 2013).

Here, Appellant did not move to withdraw his guilty plea or preserve his claim in his motion for reconsideration or in a post-sentence motion prior to filing his direct appeal. Appellant has therefore waived his challenge to the validity of the plea by failing to raise it before the trial court. *See* Pa.R.A.P. 302 (issues not presented to the trial court cannot be raised for the first time on appeal); *Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246 (Pa. Super. 2002) (issues related to deficiency of guilty plea waived by failing to object at the time of the sentencing hearing or through a post-sentence motion).

Even if Appellant had properly preserved this issue on appeal, it lacks merit. "[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271

(Pa. Super. 2008) (citation omitted). A showing of manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently. *Id*. As this Court has explained, "Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered." **Commonwealth v. Fluharty**, 632 A.2d 312, 314 (Pa. Super. 1993) (citation omitted).

Pennsylvania Rule of Criminal Procedure 590 addresses plea procedures. The comment to Rule 590 provides that when determining whether a plea is voluntarily, knowingly, and intelligently entered, "[a]t a minimum the judge should ask questions to elicit the following information:

(1)   Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
(2)   Is there a factual basis for the plea?
(3)   Does the defendant understand that he or she has the right to trial by jury?
(4)   Does the defendant understand that he or she is presumed innocent until found guilty?
(5)   Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
(6)   Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?"

Pa.R.Crim.P. 590, Comment.

In addition, "even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011), *citing Fluharty*, 632 A.2d at 314–15. "[O]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing." *Id*. "[W]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established." *Commonwealth v. Rush*, 909 A.2d 805, 808 (Pa. Super. 2006). "[A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel." *Yeomans*, 24 A.3d at 1046–47, *citing Commonwealth v. Pollard*, 832 A.2d 517, 523–24 (citations omitted).

The record belies Appellant's contention that his plea was not validly entered. Appellant signed an extensive written guilty plea form, supplemented by an on-the-record oral colloquy in which the trial court explained and asked Appellant whether he understood the charge against him, the factual basis for the plea, and his right to a jury trial. Appellant affirmed both in writing and verbally that he entered his plea knowingly, intelligently,

- 5 -

and voluntarily. N.T., 3/3/17, at 2-7; Guilty Plea Colloquy, 3/3/17, at 1-4. Appellant's challenge to the validity of his plea is thus without merit.

In his second issue, Appellant challenges the discretionary aspects of his sentence. We have explained:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). Prior to reaching the merits of a discretionary aspect of sentencing issue:
>
> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013), **appeal denied**, 76 A.3d 538 (Pa. 2013) (quoting **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), **appeal denied**, 909 A.2d 303 (Pa. 2006)). Generally, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed at that hearing. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), **appeal denied**, 831 A.2d 599 (Pa. 2003).

In the present case, Appellant filed a timely notice of appeal and included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). With respect to preservation of his claims in a motion to modify, the record reflects

that in his motion for reconsideration, Appellant challenged the trial court's decision to impose his sentences concurrently, and additionally asked that the trial court permit him to undergo a mental health evaluation at a state correctional institution. On appeal, however, Appellant argues that at sentencing the trial court abused its discretion by relying on documents that were not part of the record, that the trial court overlooked mitigating factors, and that the trial court should have ordered a psychiatric evaluation prior to imposition of its sentence. However, because Appellant did not preserve these challenges to the discretionary aspects of his sentence by raising them in his motion for reconsideration or at sentencing, they are waived.

To the extent Appellant argues that the trial court abused its discretion by failing to impose a sentence to be served concurrently with the sentence he was already serving, this claim has been properly preserved, and we proceed to address whether it raises a substantial question for our review.

"Generally … in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Marts**, 889 A.2d 608, 612 *(Pa. Super. 2005).* "Long standing precedent of this Court recognizes that 42 Pa.C.S.A. Section 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this

discretion ordinarily does not raise a substantial question." *Id*. "[T]he key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010).

We conclude that Appellant's consecutive sentence was not unreasonably excessive in light of Appellant's criminal conduct of assaulting a corrections officer, and perpetuating his criminal behavior while incarcerated for another crime. The consecutive sentence was not excessively harsh, and the aggregate sentence imposed was not inappropriate or contrary to a fundamental norm underlying the Sentencing Code.[2] We therefore find that Appellant has not raised a substantial question for our review.

Appellant's remaining contentions, even if not waived, do not entitle him to relief. Appellant argues that the trial court abused its discretion by imposing a statutory maximum sentence of two years of imprisonment. Appellant's Brief at 19-25. He contends that even though the trial court sentenced him within the standard range of the sentencing guidelines, the

---

[2] The record reflects that Appellant was serving a sentence of eleven to twenty-three and a half months of imprisonment for criminal trespass, which, together with the consecutive sentence of one to two years for simple assault, yielded an aggregate sentence of one year and eleven months to three years and eleven months.

court relied on erroneous considerations, including prison reports detailing Appellant's misconduct while incarcerated, which were unverified and outside the record. In addition, Appellant argues that the trial court overlooked mitigating factors such as his mental and emotional condition, family circumstances, difficult childhood, and his acceptance of responsibility, resulting in a manifestly excessive and unreasonable sentence. He additionally claims that the trial court should have requested a psychiatric evaluation prior to sentencing. Appellant's Brief at 19-25.

A trial court's alleged reliance on matters outside the record raises a substantial question for our review. *Commonwealth v. Rhodes*, 990 A.2d 732, 745 (Pa. Super. 2009) (allegation that sentencing judge relied on matters outside the record such as police reports raises a substantial question for appellate review). This Court has found that grounds for vacating a sentence exist where the sentencing court relied on information that was not part of the record, such information was not disclosed to a defendant so that he might have an opportunity to examine it and dispute its accuracy, and the trial court made factual inferences drawn directly from that information to impose a sentence. *See Rhodes* 990 A.2d at 746-746; *Commonwealth v. Schwartz,* 418 A.2d 637, 638, 640–41 (Pa. Super. 1980). However, this Court has rejected such challenges as meritless where the challenged information has been disclosed to the defendant who, when given the opportunity, did not

dispute its accuracy. ***Commonwealth v. Broadie,*** 489 A.2d 218, 221 (Pa. Super. 1985).

In the instant case, the record indicates that prior to sentencing, the Commonwealth provided the prison reports to Appellant and afforded Appellant the opportunity to examine them and challenge their accuracy. At the sentencing hearing, the following exchange occurred:

| | |
|---|---|
| Trial Court: | [L]et's proceed to sentencing now that we've executed a waiver of his right to a PSI. Is there anything from the Commonwealth before we proceed to the defense side? |
| Assistant District Attorney: | I believe that the Commonwealth would like you to look at his conduct as a prisoner and the problems that he gave the jail. He has not been a prize prisoner. There have been write-ups in the past. |
| Trial Court: | Okay. I have had the opportunity to review the submission by the Commonwealth, which is a series [of] incident reports. And I believe [Appellant's counsel], you have a copy as well? |
| Appellant's Counsel: | I do, Your Honor. |
| Trial Court: | All right then. Anything from [Appellant's counsel] that you would like to say on behalf of your client before I impose sentence? |

| | |
|---|---|
| Appellant's Counsel: | Your Honor, [Appellant]. . . does suffer from mental illness. He's diagnosed with schizophrenic bipolar. He is taking medication. However, I think that it has been some time since he's been evaluated by a doctor. So one thing we would ask the Court to do is perhaps, as part of crafting any sentence, is maybe order that he be evaluated by a psychiatrist. |
| Trial Court: | Okay. |

N.T., 4/3/17, at 9-10.

It is apparent from the record that the Commonwealth disclosed the challenged records to Appellant who, although provided the opportunity to do so, did not and does not now challenge their accuracy. **See *Broadie***, 489 A.2d at 221 (finding no merit to Appellant's claim that the sentencing court abused its discretion by relying on uncorroborated statements by the prosecutor that were made in open court and the appellant did not dispute their accuracy when given the opportunity to do so). As this Court has stated, "a sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." ***Rhodes***, 990 A.2d at 746 (citations and internal quotations omitted). Appellant's claim that the sentencing court improperly relied on the prison reports is without merit.

Appellant's remaining contentions that the trial court failed to consider mitigating factors and failed to request a psychiatric evaluation, resulting in a manifestly excessive and unreasonable sentence, are also meritless. In general, where a sentence falls within the guidelines (as Appellant's does), an argument that the trial court failed to consider or did not accord appropriate weight to various sentencing factors does not necessarily raise a substantial question. *Commonwealth v. Luketic*, 162 A.3d 1149, 1162 n. 14 (Pa. Super. 2017). Even if Appellant had raised a substantial question, a review of the sentencing transcript reveals that the trial court adequately stated on the record the reasons for Appellant's sentence. Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010). This Court has stated:

> Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 P.A.C.S. § 9781(c). Under 42 Pa.C.S. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. The . . . weighing of factors under 42 Pa.C.S. § 9721(b) [is] exclusively for the sentencing court, and an appellate court could not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S. § 9781(c).

***Com. v. Bricker***, 41 A.3d 872, 875–76 (Pa. Super. 2012).

Section 9721(b) provides in pertinent part:

[T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

At the sentencing hearing, the trial court heard statements from Appellant and his counsel about Appellant's prior record, his mental health, his family background and difficult childhood, and the fact that Appellant had a dependent child of his own. N.T., 4/3/17, at 10-14. In fashioning Appellant's sentence, the trial court, which reviewed the sentencing guidelines, took into consideration Appellant's criminal history, background, and family circumstances. ***Id.*** The trial court stated on the record that the sentence "reflect[ed] and recognize[ed] the nature and gravity of the offense" and concluded that the sentence was "appropriate given the circumstances of [Appellant's] situation. ***Id***. at 14. The trial court, which had the opportunity to observe Appellant and was apprised of Appellant's mental health conditions opted, within its discretion, not to order a psychiatric evaluation.[3] We note

---

[3] ***See*** Pa.R.Crim.P. 702(B) ("[a]fter a finding of guilt and before the imposition of sentence, after notice to counsel for both parties, the sentencing judge *may,* as provided by law, order the defendant to undergo a psychiatric or psychological examination.") (emphasis in original).

that the trial court did address Appellant's psychological needs by requiring him to undergo a mental health evaluation as a condition of his sentence. *Id.*

Based on the foregoing, we conclude that the trial court conducted a sufficient presentence inquiry and rendered a sentencing decision that was both informed and individualized. Appellant's claims to the contrary do not warrant relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/06/2018